Inez H. Brown, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Mercantile Commerce Bank and Trust Company, a Corporation, and Albert M. Keller, Executors under the Will of Julia B. Radford, Deceased, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Nellie B. Keller, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 108948, 108954, 108955. Promulgated December 9, 1942.

*Forest P. Tralles, Esq.*, for the petitioners.
*Angus R. Shannon, Jr., Esq.*, for the respondent.

OPINION.

Turner, *Judge:* The respondent determined deficiencies in the income tax against the petitioners for 1939 as follows:

| | Docket no. | Deficiency |
| --- | --- | --- |
| Inez H. Brown | 108948 | $2,497.33 |
| Julia B. Radford, deceased | 108954 | 1,103.90 |
| Nellie B. Keller | 108955 | 1,119.54 |

Issues presented by the pleadings are: (1) whether the petitioners were entitled to deductions of $3,710.56 taken by each of them as interest paid in 1939 on Federal gift taxes for 1924 and 1925 of Paul Brown, who made certain gifts in said years to Julia B. Radford and Nellie B. Keller, and of whose estate they and Inez H. Brown were beneficiaries; and (2) whether the petitioners were each entitled to a deduction of $4,622.76 representing the portions of said Federal gift taxes of Paul Brown paid by them in 1939. On brief the petitioners abandoned issue (2).

The facts are found as stipulated by the parties but will be set forth to the extent necessary in discussing the remaining issue.

The petitioners filed their income tax returns for 1939 with the collector for the first district of Missouri.

During 1924 and 1925 Paul Brown, the husband of Inez H. Brown and the father of Nellie B. Keller and Julia B. Radford, made certain gifts, including gifts to Nellie B. Keller and Julia B. Radford. Brown never filed any Federal gift tax returns with respect to said gifts nor did he ever pay any gift tax with respect thereto. He died

testate on November 18, 1927. On or about December 30, 1930, final settlement of his estate was made, and his estate was distributed to the beneficiaries named in his will, including Inez H. Brown, his widow, and Nellie B. Keller and Julia B. Radford, his daughters. His executors were finally discharged, but no assets were retained in the estate with which to satisfy gift taxes or interest thereon. The amount of the individual gifts to Julia B. Radford and Nellie B. Keller and the amount distributed to them and to Inez H. Brown from the estate of Brown were each considerably in excess of the total gift taxes and interest accrued and at any time due and owing as a result of the gifts made by him in 1924 and 1925.

The respondent determined deficiencies in gift taxes for 1924 and 1925 on the gifts made by Brown in those years and notices of deficiency were mailed on August 16, 1938. Based on such notices, petitions were filed with the United States Board of Tax Appeals under Docket Nos. 95845 and 95846. Under date of January 18, 1939, and prior to any hearings therein, the Mercantile Commerce Bank & Trust Co., executor under the will of Paul Brown, as petitioner, and certain others, including the petitioners herein, as beneficiaries, signed an agreement to stipulate with the Chief Counsel of the Bureau of Internal Revenue that the Federal gift tax liability for 1924 was $27,675.75 and for 1925 was $60.85. The said agreement also contained the following:

It is further understood and agreed by the undersigned petitioners, and also by the undersigned beneficiaries of the estate of Paul Brown, deceased, and others, that in the event of the Commissioner's approval of the basis of settlement hereinabove proposed, the payment of $50,000.00 made at the time of the signing of this agreement shall be accepted in full settlement of the aforesaid adjusted Federal gift tax liability for 1924 of $27,675.75, and interest of $22,216.21, and in full settlement of the gift tax liability for 1925 of $60.85, and interest of $47.19; and that liability for the payment of such taxes shall be deemed to have been borne by the undersigned beneficiaries of the estate of Paul Brown, deceased, and others, in the respective amounts hereinafter set forth.

### 1924 Gift Tax

|  | Principal | Interest |
| --- | --- | --- |
| Nellie B. Keller | $4,612.62 | $3,702.70 |
| Julia B. Radford | 4,612.62 | 3,702.70 |
| Inez Hereford Brown | 4,612.62 | 3,702.70 |
| * * * * * | * | * |

### 1925 Gift Tax

|  | Principal | Interest |
| --- | --- | --- |
| Nellie B. Keller | 10.14 | 7.86 |
| Julia B. Radford | 10.14 | 7.86 |
| Inez Hereford Brown | 10.14 | 7.86 |
| * * * * * | * | * |

Thereafter, on March 24, 1939, stipulations of gift tax deficiencies for the two years were filed with the Board in pursuance of said agreement and the Board subsequently entered its decisions accordingly.

During 1939 Nellie B. Keller, Julia B. Radford, and Inez H. Brown each paid her proportion of the deficiencies in gift tax together with her proportion of the interest thereon as shown in the agreement to stipulate, the total amount of interest paid being $3,710.56 in the case of each. In their income tax returns for 1939 each deducted as interest paid said amount of $3,710.56. The deductions thus taken were disallowed by the respondent on the ground that the amounts did not represent interest paid by the payors on their indebtedness, but represented payments made by them as transferees of a portion of the liability of their transferor.

The petitioners take the position that the amounts paid as interest by them were deductible from income and in support make the following contentions: (1) that Nellie B. Keller and Julia B. Radford, as donees, were personally liable for the unpaid gift taxes, (2) that Nellie B. Keller, Julia B. Radford, and Inez H. Brown, as distributees, each received a portion of the estate of Brown in excess of the entire gift tax liability and interest and therefore a lien existed in favor of the Government making each of them liable for the principal amount of, and interest on the gift taxes, and (3) that the theory of the settlement with the Commissioner, preliminary to the filing of a stipulation of the gift tax deficiencies with the Board and the entry of its decisions accordingly, recognized that of the total amount to be paid by each of the petitioners a stated amount would constitute gift tax paid by petitioners and the other stated amount, that here in controversy, would represent interest paid by them.

The statute provides for the deduction of interest paid or accrued within the taxable year on indebtedness, but it is well settled that the payment must be that of interest on the obligation of the taxpayer claiming the deduction. Payments of interest on the obligations of others do not meet the statutory requirements. *Colston* v. *Burnet*, 59 Fed. (2d) 867, affirming 21 B. T. A. 396; *Automatic Sprinkler Co. of America*, 27 B. T. A. 160; *Helen B. Sulzberger*, 33 B. T. A. 1093; *William H. Simon*, 36 B. T. A. 184; *Chester A. Sheppard, Trustee*, 37 B. T. A. 279; *Martin Thomas O'Brien*, 47 B. T. A. 561. The interest paid in this case was interest on the obligation of Paul Brown and that obligation was the gift tax imposed upon him by section 319 of the Revenue Act of 1924 in respect of gifts made by him during the years 1924 and 1925. Upon his death the liability became the liability of his estate and the tax with interest thereon was paid in settlement of a proceeding instituted before the Board of Tax Appeals by the executor, or executors, of the estate. The assets of the estate had long since been distributed and the payments actually were made by the beneficiaries who had received the assets of the estate in distribution. The situation thus created is wholly comparable to that dealt

with in *Helen B. Sulzberger, supra,* wherein it was held that the payment by the beneficiaries of an estate of the interest accrued on a deficiency in estate tax did not constitute a payment of interest by the beneficiaries within the meaning of the income tax acts providing for the deduction of interest. For exactly the same reasons, the interest paid by the petitioners herein was not their interest but interest due and owing by the estate of Paul Brown and the deductions here claimed in respect thereto are not allowable.

The petitioners' contention that the sentence contained in the agreement between the executor and the beneficiaries to stipulate a settlement of the gift tax liability, to the effect that "liability for the payment of such taxes shall be deemed to have been borne by the undersigned beneficiaries of the estate of Paul Brown, deceased, and others, in the respective amounts" thereinafter set forth, does not in our opinion add any strength to their position. That was an agreement between the executor of the estate and the beneficiaries. The exact purpose for its insertion in the agreement is not shown, and it would be of no help to conjecture with respect thereto. In any event, the insertion of such a provision in an agreement between the executor and the beneficiaries of the estate could in no way make any change in the character of the payment in so far as the question decided herein is concerned.

*Decision will be entered under Rule 50.*