Louis P. Blosser v. Commissioner.
Blosser v. Commissioner
Docket No. 110395.
United States Tax Court
1943 Tax Ct. Memo LEXIS 245; 2 T.C.M. (CCH) 280; T.C.M. (RIA) 43293; June 19, 1943
*245 Forest P. Tralles, Esq., 208 N. Broadway, St. Louis, Mo., for the petitioner. Angus R. Shannon, Jr., Esq., for the respondent. TYSON Memorandum Opinion TYSON, Judge: The respondent determined a deficiency in income tax against the petitioner for the year 1939 in the sum of $2,740.14. The sole issue presented is whether or not the petitioner is entitled to an interest deduction of $3,702.71 paid during the taxable year in settlement of a gift tax liability arising out of gifts made in 1924 and 1925 by one Paul Brown. By stipulation the petitioner has waived the only other issue raised by the pleadings. The proceedings have been submitted upon the pleadings and a stipulation of facts. The stipulated facts not set forth are included herein by reference. [The Facts] The petitioner filed his return for the taxable year with the collector for the First Missouri District, St. Louis, Missouri. During 1924 and 1925 Paul Brown made gifts to his daughter, Georgia Brown Blosser and others, but did not file gift tax returns reporting the gifts and did not pay any tax due as a result of the gifts. Paul Brown died testate in 1927. His estate was completely distributed to Georgia Brown *246 Blosser and others named in his will leaving no assets with which to satisfy the gift tax and accrued interest due as a result of the gifts made in 1924 and 1925. The amount of the gifts and the amount received from the estate of Paul Brown by Georgia Brown Blosser was considerably in excess of the total gift tax and accrued interest due at any time as a result of the gifts made by Paul Brown in 1924 and 1925. After the death of Paul Brown, Georgia Brown Blosser died testate leaving petitioner as her sole residuary legatee. Thereafter, the respondent determined deficiencies in gift tax for 1924 and 1925 on the gifts made by Paul Brown in those years and notices of deficiencies were mailed on August 16, 1938. Based on such notices petitions were filed with the United States Board of Tax Appeals under docket numbers 95845 and 95846. Under date of January 18, 1939, the petitioner, as residuary beneficiary under the will of Georgia Brown Blosser, and others signed an agreement to stipulate with the Chief Counsel of the Bureau of Internal Revenue that the gift tax liability for 1924 was $27,675.75 and for 1925 was $60.85. The agreement further provided, * * * that in the event of the *247 Commissioner's approval of the basis of settlement, hereinabove proposed, the payment of $50,000 made at the time of the signing of this agreement shall be accepted in full settlement of the aforesaid adjusted Federal gift tax liability for 1924 of $27,675.75, and interest of $22,216.21, and in full settlement of the gift tax liability for 1925 of $60.85, and interest of $47.19; and that liability for the payment of such taxes shall be deemed to have been borne by the undersigned beneficiaries of the estate of Paul Brown, deceased, and others, in the respective amounts hereinafter set forth. 1924 Gift Tax
Principal
Interest
Louis P. Blosser, Residuary
Beneficiary under the Will
of Georgia Pauline (Brown)
Blosser, beneficiary under
the Will of Paul Brown
$4,612.63
$3,702.71
1925 Gift Tax
Louis P. Blosser, Residuary
Beneficiary under the Will
of Georgia Pauline (Brown)
Blosser, beneficiary under
the Will of Paul Brown
$10.14
$7.87
On or about March 28, 1939, stipulations of gift tax deficiencies for 1924 and 1925 were filed with the Board in pursuance of the above agreement and the Board entered its decisions in accordance therewith in the above mentioned docket *248 numbers. On or about January 18, 1939, the petitioner as residuary beneficiary under the will of Georgia Brown Blosser paid a proportionate share of the gift tax deficiencies determined by the Board to be due from the petitioners in the above mentioned two docket numbers, together with a proportionate share of the interest thereon all as shown in the above tabulation. In his income tax return for 1939 the petitioner deducted the sum of $3,710.56 as interest paid. The respondent disallowed this deduction. [Opinion] As stipulated by the parties this proceeding involves an issue identical with that decided in Inez H. Brown, 1 T.C. 225. The facts in that case grew out of an identical transaction as that here involved, and are the same as those here except in immaterial particulars. We were referred to the briefs in that case with respect to the issue before us, the parties not desiring to file briefs herein. On the authority and reasoning of that case, we hold that the petitioner is not entitled to a deduction for the interest of $3,702.71 paid by him during the taxable year in settlement of the gift tax liability for gifts made by Paul Brown in *249 1924 and 1925 since that interest was paid on the obligation of another and not on an obligation of petitioner. Decision will be entered under Rule 50.