RALPH J. GREEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LAWRENCE R. GREEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 108546, 109145. Promulgated January 19, 1944.

*W. E. Baird, C. P. A.*, for the petitioners.
*Angus R. Shannon, Jr., Esq.*, for the respondent.

#### OPINION.

SMITH, *Judge*: These proceedings, which were consolidated for hearing, are for the redetermination of deficiencies in income tax for the year 1939 of $1,201.94 in the case of Ralph J. Green, and $728.18

in the case of Lawrence R. Green. In the petition filed by the former it is alleged that the respondent erred in disallowing the deduction from gross income of (1) $4,143 interest paid in satisfaction of his obligation, as a transferee, to pay a deficiency in estate tax on the estate of his deceased father, which had been distributed to him and his brother Lawrence in equal shares in 1931; (2) $245.85 interest paid in satisfaction of his obligation, as transferee, to pay a deficiency in estate tax on the estate of his deceased wife; (3) $1,679.37 paid "in connection with various taxes and other business matters"; and (4) $18.37 for rent of a safety deposit box and sundry expenses with respect to securities.

The allegations of error in the petition of Lawrence R. Green are the same as (1), (3), and (4) above, except that the amounts are $4,143.01, $1,655.10, and $190, respectively, the last named item representing $180 paid for Babson's Financial Service Reports and $10 for rental for a safety deposit box.

By amendments to the petitions it is claimed that, if petitioners are not entitled to deduct interest paid by them upon the deficiency in estate tax on the estate of their father, then they erred in including in gross income for 1939 an amount equal to the interest disallowed as a deduction.

The respondent concedes error as to his disallowance of the deduction of $18.37, represented by allegation (4) above, in the case of Ralph J. Green, and of $190 in the case of Lawrence R. Green.

The facts are found as stipulated by the parties, such stipulation of facts being incorporated herein by reference.

The petitioners are brothers. Ralph Green resides in Warrensburg, Missouri. He filed his income tax return for 1939 with the collector of internal revenue for the sixth collection district of Missouri. Lawrence Green resides in San Diego, California. He filed his income tax return for 1939 with the collector of internal revenue for the sixth collection district of California. Both returns were made on the cash receipts and disbursements basis.

The petitioners' father, L. K. Green, died on July 5, 1930, leaving a will making the petitioners the two and only residuary beneficiaries of his estate. They shared equally in their father's estate. Lawrence Green was duly appointed, qualified, and acted as executor. A Federal estate tax return was duly prepared and filed for the estate, and the tax shown to be due thereon was duly paid.

The estate of L. K. Green was probated in Johnson County, Kansas. The final report of the executor was filed on September 4, 1931, showing that all specific bequests had been paid and asking for an order for final distribution to the residuary beneficiaries and discharge of the executor. The final distribution was accomplished, and on October 13, 1931, the

executor was discharged and given full and complete release. No assets were retained in the estate.

Subsequent to the final settlement of the estate on October 13, 1931, the respondent determined a deficiency in estate tax against the estate of L. K. Green. The matter was finally settled by the petitioners paying, in 1939. an estate tax deficiency in the amount of $17,244.81, together with interest as provided by law in the amount of $8,286.01. The petitioners each paid one-half of the deficiency and interest thereon, the said interest being computed to July 8, 1939.

Nelle M. Green, wife of Ralph Green, died on November 16, 1935. Ralph Green was beneficiary of his wife's estate and received one-fourth of the assets of the estate upon distribution. A Federal estate tax return was duly prepared and filed for the estate of Nelle M. Green, and the tax shown to be due thereon was duly paid. On or about March 30, 1937, all of the assets of the estate, with the exception of $136.27, were distributed by the executor of the said estate. Subsequent to March 30, 1937, the respondent determined a deficiency in estate tax against the estate of Nelle M. Green. The matter was finally settled by Ralph Green furnishing the funds to pay the deficiency in estate tax in the amount of $1,714.41, together with interest as provided by law in the amount of $245.85. The payment of the deficiency and the designated interest was made during the calendar year 1939.

The amounts distributed to and received by the petitioners from the estate of their father, and the amount distributed to and received by Ralph Green from the estate of his deceased wife, were greatly in excess of the amounts of designated interest paid by each petitioner on the deficiencies in estate tax of the respective estates, and there is no claim, nor is there any suggestion of claim, that the amounts so received by the petitioners from the said estates did not also exceed the tax and the interest so paid.

In their respective income tax returns for 1939 the petitioners each deducted from gross income the amount of $4.143 designated as interest paid on the estate tax deficiency of their father's estate. In addition, Ralph Green deducted from income $245.85 designated as interest paid on the estate tax deficiency of his wife's estate. The respondent disallowed these deductions in his determination of the deficiencies herein.

During 1939 Ralph Green received a salary of $12,000 as an officer of a corporation, and also received interest and dividends from a considerable amount of bonds and stocks owned by him. He was also a partner in a retail store, owned a small amount of oil royalties, and owned an interest in certain real estate located in Canada and in California.

During 1939 Lawrence Green received a salary of $12.000 as an officer of a corporation, and also some fees as director. One-half of

such salary and fees was reported by petitioner and one-half by his wife, Georgia M. Green. He also owned a considerable amount of stocks and bonds, a small amount of oil royalties, and an interest in certain real estate located in Canada and in California.

It was the practice of the petitioners during 1939, and also during prior years, to consult with their accountant or attorney for advice and assistance regarding various matters of taxation.

During 1939 Ralph Green paid the following legal and accounting fees and sundry expenses in connection with matters of taxation:

| | |
|---|---:|
| Baird, Kurtz & Dobson, for services and expenses of W. E. Baird: | |
| For preparation of Federal and state income tax returns for 1938__ | $70. 00 |
| Portion of expenses in connection with trip to California in connection with preparation of income tax returns for 1938_____ | 5. 00 |
| One-half of fee for settling estate tax matters re estate of L. K. Green _____ | 280. 00 |
| One-half of expenses of trip to Wichita, Kansas, for conference regarding estate and income tax matters re estate of L K. Green and individual income tax matters_____ | 7. 60 |
| Fee for gift tax settlement and sundry other minor accounting and tax matters_____ | 40. 00 |
| A. Z. Patterson—legal fees and expenses with respect to various tax matters _____ | 1, 212. 25 |
| One-half traveling expenses from California to Kansas City regarding various tax matters_____ | 62. 50 |
| Expense shipping securities_____ | 2. 02 |
| Total _____ | 1, 679. 37 |

The respondent disallowed all of the foregoing items, aggregating $1,679.37, which Ralph Green had deducted in his 1939 income tax return.

During 1939 Lawrence Green paid the following legal and accounting fees and sundry expenses in connection with matters of taxation:

| | |
|---|---:|
| Baird, Kurtz & Dobson, for services and expenses of W. E. Baird: | |
| For preparation of individual income tax returns for 1938_____ | $60. 00 |
| Portion of expenses in connection with trip to California for preparation of various income tax returns for 1938_____ | 5. 00 |
| One-half of fee for settling L. K. Green estate matters_____ | 280. 00 |
| One-half of expenses of trip to Wichita, Kansas, regarding L. K. Green estate tax matters, L. K. Green income tax matters, and individual income tax matters_____ | 7. 60 |
| Fee for gift tax settlement and sundry other minor matters_____ | 40. 00 |
| A. Z. Patterson; legal fees and expenses_____ | 1, 200. 00 |
| One-half traveling expenses from California to Kansas City regarding various tax matters_____ | 62. 50 |
| Total_____ | 1, 655. 10 |

The respondent disallowed all of the foregoing items, aggregating $1,655.10, which Lawrence Green had deducted in his 1939 income tax return.

The first question presented is whether that part of the amount paid by petitioners as transferees of their father's estate, and by Ralph Green as transferee of his wife's estate, which represented interest on the estate tax deficiencies of those estates was, as to the petitioners, interest deductible under section 23 (b) of the Internal Revenue Code for the purpose of computing their net income.

The petitioners were the residuary legatees of the estate of their father and as such legatees had, prior to 1939, received distribution of the residuary estate equally between them. Ralph Green had in a prior year, and as beneficiary, received one-fourth of the assets of the estate of his wife. After such distribution the estate had assets of only $136.27. Accordingly, the petitioners were transferees of the respective estates and in making payment of the estate tax deficiencies and the interest thereon they were responding to their liability for the estate tax and interest of the estate of their father and, in the case of Ralph Green, of his wife also.

Section 900 (a) of the Internal Revenue Code provides in part as follows:

SEC. 900. TRANSFERRED ASSETS.

(a) METHOD OF COLLECTION.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this subchapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

(1) TRANSFEREES.—The liability, at law or in equity, of a transferee of property of a decedent, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed by this subchapter.

Section 23, I. R. C., provides for the deduction from gross income of: "(b) INTEREST.—All interest paid or accrued within the taxable year on indebtedness."

The question here is whether the entire amount or any part of the interest paid by the petitioners upon the deficiencies in estate tax was paid on indebtedness.

The law is well established that in order for interest to be deductible from gross income it must be paid upon a debt owed by the payor. See *William H. Simon,* 36 B. T. A. 184, and cases therein cited. In *Scripps* v. *Commissioner* (C. C. A., 6th Cir.), 96 Fed. (2d) 492, the question before the court was whether a trust estate which had been created by the decedent prior to his death and was charged with the payment of the estate tax was entitled to deduct from its gross income the estate tax and interest paid thereon. The Board held, 33 B. T. A. 963, that the estate tax paid was not deductible. The United States Circuit Court sustained the Board in holding that the estate tax paid could not be

deducted, but held that the interest paid thereon could be deducted. The court held:

> * * * Section 23 (b) provides that in computing net income there shall be allowed as deductions all interest paid or accrued within the taxable year on indebtedness. There is here no express limitation upon the character of the taxable entity claiming the deduction. It is true, of course, that there is an implied limitation, and that the indebtedness must be the taxpayer's indebtedness, not that of someone else. But we have no difficulty in concluding that the interest paid by the trust was interest upon its indebtedness, and this without regard to whether its obligation was a primary or a secondary obligation The liability was specifically imposed upon it by the taxing law, and its property was subject to government lien. Section 315 (a) (b), 44 Stat. 80. Had it borrowed the money with which to pay the tax there would then have been no question of its right to deduct interest upon the indebtedness. We see no question of that right in the present situation. * * *

Consonant therewith see *Penrose* v. *United States*, 18 Fed. Supp. 413.

The respondent in making his argument herein relies principally upon *Helen B. Sulzberger*, 33 B. T. A. 1093; *Inez H. Brown*, 1 T. C. 225; and *Jones* v. *Hassett*, 45 Fed. Supp. 195.

It is true, of course, that a person paying interest upon the indebtedness of another as a volunteer is not entitled to deduct from his gross income the interest paid. He is not paying interest upon his own indebtedness.

Those are not the facts here. The petitioners as transferees of the decedents' estates had a liability for the payment of the deficiencies in estate tax, together with interest thereon. A man who has a liability for a debt and pays it is in the same position as the principal debtor. When he pays interest which is accrued upon the debt from the time that he steps into the shoes of the principal debtor he is paying interest upon his own debt. An estate in process of administration is entitled to deduct from the gross income of the estate the interest paid upon the estate tax. I. T. 1317, C. B. I–1, p. 132.

Any doubt relative to the right of a transferee to deduct the portion of the interest paid by him upon a deficiency in a tax imposed upon the transferor appears to be dispelled by a consideration of the legislative history which led to the enactment of section 280 and section 316 (a) of the Revenue Act of 1926. These provisions of the 1926 law provided for the assessment and collection of taxes and deficiencies in tax due from transferees. In the Senate Finance Committee Report (69th Cong., 1st sess., S. Rept. 52) it was said:

> The liability which arises in the transferee in respect of the receipt of the assets is normally to be measured by the liability of the transferor at the time of the transfer. This would include the amount of the tax due plus all interest, additional amounts, and additions to the tax provided by law, up to the time of such transfer. The section, however, provides that the liability of the transferee in this amount shall not in turn be subject to interest, additional amounts, or additions to tax, save that in case the transferee petitions the board for a

redetermination of its liability, the amount so determined shall draw interest at the rate of 1 percentum a month commencing with notice and demand for payment following final decision of the board.

The law as drafted by the Senate Finance Committee was changed in conference to provide the same as section 900, I. R. C. The Conference Committee Report (69th Cong., 1st sess., H. Rept. 356), states:

Under the amendment the liability of the taxpayer for the tax, including all interest and penalties, is fixed as of the time of the transfer of the assets. No further interest subsequently accrues upon such liability as assumed by the transferee except the interest under section 276 (b) and (c) for failure to pay upon notice and demand after the outlined procedure has been completed and interest at 6 percent a year for reimbursing the Government at the usual rate for loss of the use of money due it. * * *

From the foregoing we think it clear that the petitioners are not entitled to deduct such portions of the interest which accrued upon taxes of the estates of the decedents prior to distribution. That interest accrued upon an indebtedness of the estates. The petitioners received the distributions from the estates subject to a charge for interest accrued to the dates of transfer. We think it equally clear that the interest which accrued upon the estate tax deficiencies after distribution of the estates accrued upon indebtedness of the petitioners. They are entitled to deduct from their gross incomes the amounts of such interest paid by them on the estate tax deficiencies of the two estates. The rule herein announced is consonant with that enunciated in *Harvey M. Toy*, 34 B. T. A. 877.

To the extent that the opinion of the Board in *Helen B. Sulzberger*, *supra*, denies a distributee of the assets of an estate the right to deduct the interest which accrues upon a tax deficiency of the estate from the date of distribution, and which he pays in satisfaction of his personal liability, it will not be followed hereafter.

The second question presented is whether the petitioners are entitled to deduct from gross income certain legal and accounting fees and sundry expenses in connection with matters of taxation. The petitioners submit that a corporation paying such expenses would be entitled to deduct them and that no distinction in this regard should be made between a corporation and an individual.

Section 23 (a) of the Revenue Act of 1938 has been amended by section 121 of the Revenue Act of 1942 to permit the deduction from gross income of:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) IN GENERAL.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *.

*    *    *    *    *    *    *

(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year

for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

Quite clearly the expenses here in question were not paid or incurred in connection with the carrying on of a trade or business. If deductible from gross income, they must be deducted under "Non-Trade or Non-Business Expenses" provided for by subsection (2) of section 23 (a), as amended.

It should be noted that the deduction of nontrade or nonbusiness expenses is held within certain definite limits. To be deductible, they must be (1) "ordinary and necessary"; (2) "for the production or collection of income"; or (3) "for the management, conservation, or maintenance of property held for the production of income." We do not think that the expenditures which the petitioners claim as deductions from gross income fall within classification (2) or (3). The respondent has interpreted this new provision of the Revenue Act of 1942, which admittedly applies to the petitioners for the taxable year 1939, by Treasury Decision 5196, promulgated December 8, 1942, wherein it is stated:

\* \* \* Expenditures incurred in protecting or asserting one's rights to property of a decedent as heir or legatee, or as beneficiary under a testamentary trust, are not deductible expenses. Expenditures incurred for the purpose of preparing tax returns (except to the extent such returns relate to taxes on property held for the production of income), for the purpose of recovering taxes (other than recoveries required to be included in income), or for the purpose of resisting a proposed additional assessment of taxes (other than taxes on property held for the production of income) are not deductible expenses under this section, except that part thereof which the taxpayer clearly shows to be properly allocable to the recovery of interest required to be included in income.

The respondent's disallowance as deductions of $1,679.37 of expenses described above in the case of petitioner Ralph J. Green and of $1,655.10 in the case of petitioner Lawrence R. Green is accordingly sustained.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*

---

TURNER, *J.*, dissenting: That portion of the majority opinion allowing the petitioners to deduct that part of the liability of their father's estate, and in the case of Ralph Green, of his wife's estate, which represents interest accrued on the estate tax deficiencies of the said estates from and after the dates the assets thereof were distributed to them as beneficiaries is in my opinion contrary to the law and the facts, and for that reason I note my dissent. The petitioners were the residuary legatees of the estate of their father and as such legatees had received distribution of the residuary estate equally between them. Ralph Green was a beneficiary of his wife's estate and as such beneficiary had received one-fourth of the assets of her estate. Accord-

ingly the petitioners were transferees of the respective estates, and, in making payment of the estate tax deficiencies and interest thereon, they were responding to their liability in equity for the estate tax and interest of the said estates. Sec. 900 (a) (1), Internal Revenue Code. The property so received from the said estates was received without cost or charge, and there is no claim or suggestion that it was not sufficient in each instance to cover the amount of the tax and the interest thereafter paid. It came to them charged not only with liability for the deficiencies in tax, but for interest collectible "as a part of the tax," at the rate of 6 percent per annum from the due date of the tax to the date of assessment of the deficiency. Sec. 891, Internal Revenue Code. I have been able to find no provision of statute and know of no rule of law whereunder or whereby an estate may stop the running of interest against it and on its tax by distribution of its assets, and there is no basis here for any claim that interest other than that imposed by section 891, *supra*, was charged or paid. There was no charge of interest *qua* interest against the petitioners, and to the extent of the tax and interest paid they were merely accounting to the Federal Government, creditor of the two estates, for property received under mistake of fact as their own. Through the property received the petitioners had already been secured or indemnified for the full liability they were required to pay and were actually out of pocket nothing, the net amount of their bequests merely having been fixed by the said payments. They have made no payment of interest *qua* interest, and their claim for the deduction of interest should in my opinion be denied. *Helen B. Sulzberger*, 33 B. T. A. 1093, and *Inez H. Brown*, 1 T. C. 225. See and compare *William H. Simon*, 36 B. T. A. 184; *Charles R. Holden*, 27 B. T. A. 530; and *Jones* v. *Hassett*, 45 Fed. Supp. 195. For a more extended discussion of my views concerning the equity liability of transferees and the nature or character of payments made thereunder, and for comment on the Congressional Committee reports cited and relied on in the majority opinion, reference is made to my dissent in *Koppers Co.*, 3 T. C. 62.

In stating that the rule announced in the instant case is consonant with that enunciated in *Harvey M. Toy*, 34 B. T. A. 877, the majority has ignored the distinction specifically drawn in the *Toy* case between the case there decided and a case such as we have here. The liability asserted and paid and in respect of which deduction was claimed in the *Toy* case was directly imposed by statute, section 3467 of the Revised Statutes, and bottomed solely on the wrongful act of the party charged, while here the liability is a liability to respond in trust as a transferee or distributee of property, not for a liability of the transferee, but for a liability of the transferor. In my own mind there is grave doubt as to the soundness of the conclusion

reached in the *Toy* case and that it may properly be said that any part of an amount paid under section 3467, *supra*, constituted the payment of interest. Certainly a very persuasive argument can be made that the liability paid was in the nature of a penalty for the wrongful act of a fiduciary in making distribution of a trust estate before satisfying the liability of the estate to the Government for tax and interest, and that such tax and interest is merely the measure of the penalty imposed and not as to the fiduciary tax and interest. Regardless, however, of the soundness of the *Toy* case, it does not decide or stand for the proposition decided in the instant case.

Similarly, *Scripps* v. *Commissioner*, 96 Fed. (2d) 492, and *Penrose* v. *United States*, 18 Fed. Supp. 413, do not stand for the proposition here decided, but, if in point at all, are in part, at least, directly contrary. Under the rule enunciated in the *Penrose* case, the petitioners are entitled to deduct as their interest the entire amount of interest charged and paid on the estate tax deficiencies and are not limited to interest accrued before the distribution of the assets of the estates, as the majority here holds. The *Scripps* case, if in point at all, is also authority for the deduction of the interest in full. It is to be noted also that the estate tax and interest were paid by an *inter vivos* trust, created prior to the death of the decedent, and that the liability was statutory and not a liability in equity.

In the case of Ralph Green, it would seem that only a part of the interest deduction claimed should be allowed, even under the theory of the majority opinion. The facts show that as beneficiary of his wife's estate he was entitled to receive and did actually so receive only one-fourth of the assets. There is no showing that he was ever charged with any amount as transferee, the recitation in the report being that a deficiency was determined against the estate of Nelle M. Green and "the matter was finally settled by Ralph Green furnishing the funds" to pay the deficiency and interest. The majority opinion allows him to deduct as his interest the full amount of the interest which accrued on the estate tax from and after the date he, as beneficiary of the estate, received one-fourth of its assets. His ultimate liability to pay the amount of such interest was only one-fourth thereof. Such being the facts, it would seem to me that as to the other three-fourths it must necessarily be concluded that the payment was a voluntary payment of the interest of another, for which no deduction is allowable. *Colston* v. *Burnet*, 59 Fed. (2d) 867, and *William H. Simon, supra*.

Kern, *J.*, agrees with this dissent.

---

Disney, *J.*, dissenting: I can not agree with the view expressed in the majority opinion. There being no personal liability upon the taxpayer for the tax involved, I do not think that section 23 (b) of the

84

Internal Revenue Code encompasses the deduction approved by the majority. My views are more fully expressed in my dissent in *Koppers Co.*, 3 T. C. 62, and reference is made to the decision of the Circuit Court of Appeals for the Tenth Circuit on November 8, 1943, in *Koch v. United States*, 138 Fed. (2d) 850, denying the deduction under facts essentially the same in principle as those here involved. I therefore respectfully dissent.

BLACK and KERN, *JJ.*, agree with this dissent.