Amelia E. Collins v. Commissioner.
Collins v. Commissioner
Docket No. 109843.
United States Tax Court
1944 Tax Ct. Memo LEXIS 333; 3 T.C.M. (CCH) 223; T.C.M. (RIA) 44079; March 13, 1944
*333 W. L. Nossaman, Esq., for the petitioner. Alva C. Baird, Esq., for the respondent. TURNER
Memorandum Opinion TURNER, Judge: Respondent determined an income tax deficiency against petitioner for the year 1939 in the amount of $881.42. The issues raised by the pleadings are (1) whether the petitioner is entitled to a deduction of $8,779.39 paid by her as interest on a deficiency in estate tax assessed against the estate of her deceased husband, and (2) whether she is entitled to a deduction of $2,000 paid by her to an investment counselor for services rendered by him during that year in the management of petitioner's securities. All the facts have been stipulated and are found as stipulated. [The Facts] Petitioner, a resident of Los Angeles County, California, on March 15, 1940, filed her individual income tax return for the year 1939 with the Collector of Internal Revenue at Los Angeles, California. Petitioner's husband, Thomas H. Collins, died a resident of Los Angeles County, California, on June 3, 1937, and his will was duly admitted to probate in the Superior Court of California in and for the County of Los Angeles. On July 20, 1937, petitioner was appointed, and qualified, *334 as executrix of the estate. Petitioner has not been discharged as executrix of her husband's estate, and the probate files in the manner of the estate have not been closed. The terms of the will directed the payment of debts, expenses of last sickness and funeral expenses, and devised and bequeathed all the residue of the estate to petitioner, the surviving widow. The appraised value of the assets of the estate was $1,524,622.43. The amount of Federal estate tax liability was eventually and finally determined to be $199,400.97, after credit for state estate, inheritance, legacy or succession taxes. On February 28, 1938, the Superior Court, on petition of the executrix, ordered a distribution of certain property which previously had been appraised at $902,068.69, and the distribution of that property was thereupon made to petitioner. On April 14, 1938, on order of the Superior Court, another distribution of property appraised at $374,949.33, was made to petitioner. On July 20, 1938, the Superior Court approved the first and final account, report and petition for distribution filed by the executrix, in which account she was charged with certain receipts and given credit for certain *335 disbursements, including the above distributions, leaving for distribution a balance of $140,772.82, which distribution was made by the said order. The order settling the final account and report provides, among other things, "that said account be allowed and settled accordingly; and in pursuance of and according to the provisions of the last will of said deceased, and by operation of law; and ratable distribution having been heretofore made by order of this Court on April 14, 1938, the aforesaid cash, and the property hereinafter described, and all other property belonging to said estate whether described herein or not, be distributed as follows: The whole thereof to Amelia E. Collins, widow of the decedent." On September 1, 1938, petitioner, as executrix, filed the Federal estate tax return of the Estate of Thomas H. Collins, deceased, with the Collector of Internal Revenue at Los Angeles, California. The return disclosed a tax liability of $89,400.97, which was promptly paid. In due course, a revenue agent in the office of the Internal Revenue Agent in Charge, at Los Angeles, California, examined the return and proposed a deficiency in estate tax in the amount of $130,116.66. *336 On October 20, 1939, petitioner paid to the Collector at Los Angeles, $129,500 of the proposed deficiency, plus interest thereon in the amount of $8,779.39, or a total of $138,279.39, leaving unpaid $616.66 of the proposed deficiency. This payment was made by a check drawn by petitioner against an account at the Santa Monica Branch of Security-First National Bank of Los Angeles, carried under the name of Mrs. Amelia E. Collins, as an individual. The check was paid by the bank on October 25, 1939. On January 24, 1940, the Commissioner of Internal Revenue, by registered mail, sent to Amelia E. Collins, executrix of the estate of Thomas H. Collins, deceased, notice of a deficiency in estate tax in the amount of $616.66. A petition was duly filed with the United States Board of Tax Appeals wherein Amelia E. Collins, as executrix, alleged that the estate tax had been overpaid. The petition was docketed by the Board at Docket No. 102218, and answer was duly made thereto by the Commissioner of Internal Revenue. On May 9, 1941, the Board entered its decision that there was an overpayment in estate tax in the amount of $19,500. Pursuant to the Board's decision there was issued to Amelia *337 E. Collins, executrix u/w of Thomas H. Collins, deceased, under date of August 8, 1941, Certificate of Overassessment No. 9370-6th California, Schedule No. MTR-28863, in the principal amount of $20,821.99 ($19.500 plus $1,321.99 interest). Under date of September 30, 1941, there was issued Treasury Check No. 1,215,346 in the amount of $23,208.25, payable to Amelia E. Collins, executrix u/w of Thomas H. Collins, deceased, refunding $19,500 of the estate tax previously paid and $1,321.99 representing interest erroneously paid thereon, and making payment of $2,386.26 representing interest due the estate on the amounts so refunded. This check was deposited by petitioner in her individual commercial account with the Security-First National Bank of Los Angeles on October 15, 1941. Petitioner's individual income tax return for the taxable year herein showed net income of $6,633.64 which was arrived at by subtracting from a reported gross income of $23,043.55, claimed deductions amounting to $16,409.71. Of the claimed deductions, $8,779.39 was deducted as interest paid to the Collector of Internal Revenue on October 20, 1939, on the estate tax deficiency. Petitioner now concedes that the *338 sum of $8,779.39 has been reduced to $7,457.47 by a refund of $1,321.99 of the interest previously paid. The aggregate fair market value of the assets of the Estate of Thomas H. Collins distributed to the petitioner was, at the respective times of distribution of the estate described above, substantially in excess of the amount of the total Federal estate tax liability of the decedent's estate. No portion of the estate tax was due or payable at or prior to the last of such distributions. Ralph J. Green, 3 T.C. 74, is directly in point and in keeping with the ruling in that case, it is held that petitioner is entitled to the interest deduction claimed, as adjusted by the amount thereof which was refunded under date of September 30, 1941. During the taxable year petitioner paid $2,000 to A. M. Clifford, as investment counselor, for services rendered during the year in the management of her securities. The amount mentioned is reasonable for the services rendered and was an ordinary and necessary expense paid during the taxable year for the management and conservation of the securities which were held for the production of taxable income. Under the *339 retroactive provisions of section 121 of the Revenue Act of 1942, amending section 23 (a) of the Internal Revenue Code, with regard to the deductibility of certain nonbusiness expenses, petitioner is also entitled to a deduction of $2,000, paid by her for services rendered in protecting her securities which she held for the purpose of producing taxable income. Decision will be entered under Rule 50.