ROBERT L. SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM W. SMITH, 2ND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 3453, 3454. Promulgated February 26, 1946.

---

James T. Aspbury, Esq., for the petitioners.
William F. Evans, Esq., for the respondent.

**OPINION.**

ARUNDELL, *Judge*: The sole issue is whether the petitioners are entitled to a deduction from their gross income for the amount of interest which accrued on the estate and gift tax deficiencies after distribution of the remaining assets of the estate to themselves. The applicable statute is section 23 (b), Internal Revenue Code.

Much has been written with respect to the deductibility of interest payments of the character here considered and the law is not settled. Various cases posing different factual situations, but a common question, are directly in point. Since the decision in *Koppers Co.*, 3 T. C. 62, we have uniformly held that interest accrued after the date of distribution and paid by the distributee comes within the scope of section 23 (b) as an allowable deduction. *Ralph J. Green*, 3 T. C. 74; *Estate of Hunt Henderson*, T. C. memorandum opinion, Dec. 14, 1943; *Lawrence R. Green*, 3 T. C. 74; *Henry W. Breyer, Jr.*, T. C. memorandum opinion, Jan. 20, 1944. *Ralph J. Green, supra*, was reversed (C. C. A., 8th Cir.) 146 Fed. (2d) 352; *Lawrence R. Green, supra*, was reversed (C. C. A., 9th Cir.), 148 Fed. (2d) 157; *Estate of Hunt Henderson, supra*, was reversed (C. C. A., 5th Cir.), 147 Fed. (2d) 619, *Henry W. Breyer, Jr., supra*, and *Koppers Co., supra*, were affirmed (C. C. A., 3d Cir.), 151 Fed. (2d) 267. Application for a writ of certiorari was recently withdrawn by the Government.

We are of the opinion that we should adhere to our established view that the interest on the deficiencies for the period after the petitioners received the assets of the estate was paid *qua* interest by the petitioners

and is deductible by them under section 23 (b). For the reasons expressed in *Koppers Co.* and *Ralph J. Green* cases, *supra*, and in the light of the decision by the Circuit Court of Appeals for the Third Circuit in the *Koppers Co.* and *Henry W. Breyer, Jr.*, cases, *supra*, decision must be for petitioners.

Adjustments provided for in the stipulation, as well as that necessitated by this determination, will be made under a Rule 50 computation.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*