OPINION. Arundell, Judge: In the taxable year the petitioner paid $11,966.63 as interest on a deficiency asserted against him as a transferee. The entire amount so paid accrued after the corporate property had been distributed by the transferor, and the petitioner seeks a deduction therefor under section 23 (b), Internal Revenue Code. The respondent has disallowed the deduction for the reason that the petitioner did not make a payment of interest on his personal obligation when he paid the collector the statutory interest on a deficiency in Federal personal holding company surtax assessed against the Armforth Corporation. We have recently had occasion to review our position in connection with the question here at issue. In Robert L. Smith, 6 T. C. 255, we pointed out that the authorities are not in harmony with respect to the deductibility of interest payments of this character and we stated that we would adhere to our established view that such payments constitute ‘qua interest deductible under section 23 (b), supra. The Smith case, supra, presents a somewhat different factual background, but involves the same legal principle that is here considered. Finding no basis for distinguishing the two cases, we can only conclude that our disposition here should be governed by that decision. Accordingly, upon authority of that case we find for the petitioner. During the taxable year petitioner paid out $1,850 in attorney fees. Of that amount the sum of $1,650 ivas paid for services in connection with additional taxes proposed against the corporation, and petitioner and others as transferees thereof. In the settlement of the transferee cases petitioner’s attorneys were successful in reducing the amount of the deficiency. The remaining $200 was paid for miscellaneous legal advicfe which appears to relate to petitioner’s tax problems. With respect to the $200, we think petitioner is entitled to the claimed deduction. We have held that fees paid to attorneys for services are deductible under section 23 (a) (2), Internal Revenue Code, or-not, depending on whether they were paid, within the statutory language, “for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income,” and that in the absence of a showing that the payments were so related there can be no deduction. Aldus C. Higgins, 2 T. C. 948; affd., 148 Fed. (2d) 654. Here the petitioner has shown that the legal adyice rendered to him was connected with the determination of the holding period on certain stock acquired by him as a gift, a partial loss deduction, tax treatment of dividends paid by a corporation out of its depreciation reserve, tax treatment of certain annuities, advice with respect to the sale of stock, and so forth. The expenditures appear to have been for legal advice related solely to an ascertainment of the proper tax liability and they have a bearing upon the management, conservation, or maintenance of his property held for the production of income. Such is the nature of expenditures for which the law makes provision for deduction from gross income. Doubt as to the propriety of the claimed deduction was dispelled by the Supreme Court’s decision in Bingham Trust v. Commissioner, 325 U. S. 365, affirming 2 T. C. 853, after its reversal by the Circuit Court of Appeals for the Second Circuit. In that case a portion of the total expenditures for legal fees and charges was for services rendered in respect of the tax and other problems resulting from the expiration of the trust and delivery of its assets to the legatees. The Court held that the expenses were deductible under the statute as expenses of management or conservation of the trust fund. The rationale of that decision is equally applicable here. The payment connected with the transferee cases stands upon the same footing and comes within that class of expenditures for which a deduction is provided. The petitioner, as a transferee, was entitled to contest the Commissioner’s determination of deficiency in the personal holding surtax liability of the Armforth Corporation. This the respondent concedes. Hence, it seems clear that the issue is governed by the decision in Bingham Trust v. Commissioner, supra, where the Supreme Court held that counsel fees and expenses paid in contesting unsuccessfully an income tax deficiency were expenses “for the management, conservation, or maintenance of property held for the production of income” within the meaning of the statute. See Howard E. Cammack, 5 T. C. 467; Greene Motor Co., 5 T. C. 314; Herbert Marshall, 5 T. C. 1032, and Williams v. McGowan, 152 Fed. (2d) 570. We conclude that the entire sum of $1,850 paid by the petitioner is an allowable deduction under section 23 (a) (2), supra. Decision will be entered under Rule 50.