T.C. Summary Opinion 2003-109

UNITED STATES TAX COURT

ANTONIO G. AND BONNIE L. MONTOYA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3023-02S.                    Filed August 5, 2003.

Antonio G. Montoya, pro se.

<u>Christian A. Speck</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,158 in petitioners'

1998 Federal income tax.  This Court must decide whether petitioners are entitled to deduct mortgage loan interest with respect to certain real property and whether petitioners are entitled to deduct car expenses in an amount greater than that allowed by respondent.

Some of the facts in this case have been stipulated and are so found.  Petitioners resided in Lafayette, California, at the time they filed their petition.

During taxable year 1998, petitioner Antonio G. Montoya (petitioner) was a high school sports coach.  For his purported brokerage business, petitioner also filed a Schedule C, Profit or Loss From Business, with petitioners' 1998 Form 1040, U.S. Individual Income Tax Return.  On the Schedule C, petitioner reported $2,500 in gross income and $11,671 (rounded) in total expenses for a net loss of $9,171 (rounded).

Respondent disallowed the claimed $4,841 interest expense deduction and $231 of the claimed $2,845 auto expense deduction.

Section 7491 is inapplicable here because petitioners have not complied with the requisite substantiation requirements. Sec. 7491(a)(2)(A).

Section 163(a) allows a deduction for interest paid or accrued within the taxable year on indebtedness.  It is well settled that the indebtedness upon which such interest is paid or accrued must be that of the taxpayer taking the deduction.  Smith

v. Commissioner, 84 T.C. 889, 897 (1985), affd. without published opinion 805 F.2d 1073 (D.C. Cir. 1986); Brown v. Commissioner, 1 T.C. 225, 227 (1942). Thus, interest paid by a taxpayer on the indebtedness of the taxpayer's mother is not deductible by that taxpayer. Schrayter v. Commissioner, T.C. Memo. 1979-388; Emmons v. Commissioner, T.C. Memo. 1961-290.

The regulations also provide that a taxpayer who is a legal or equitable owner of mortgaged real property may deduct interest paid as interest on indebtedness, even though the taxpayer is not directly liable on the bond or note secured by such mortgage. Sec. 1.163-1(b), Income Tax Regs. In Golder v. Commissioner, 604 F.2d 34, 36 (9th Cir. 1979), affg. T.C. Memo. 1976-150, the Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie if the case were appealable, construed the foregoing regulation. The Court of Appeals explained in pertinent part that that regulation "does nothing more than permit the deduction of interest in situations where the taxpayer-borrower is not personally liable on a mortgage of property which is used as security for a loan made to the taxpayer." Id.

Petitioner alleges that the claimed interest deduction was interest paid by him on a mortgage loan taken out by his mother on her house, and that the money was borrowed so petitioner could run a business. Petitioner claimed he promised to pay the mortgage loan and that his failure to repay would result, upon

his mother's death, in a corresponding reduction in his testamentary share of his mother's estate.

Petitioners' $4,841 interest expense deduction is the amount listed on a 1998 Mortgage Interest Statement issued by Washington Mutual. That statement shows that the payer/borrower is petitioner's mother's trust, for which petitioner's mother is the designated trustee. The address on the statement is petitioners' address.

Petitioner offered an American Savings Bank Federal Truth-in-Lending Disclosure Statement dated August 23, 1994. The underlying loan appears to be the loan for which the Washington Mutual Interest Statement was issued. The American Savings Bank Statement shows petitioner's mother as the sole borrower of a secured mortgage loan against property owned by her.

Petitioner is neither directly liable on the note securing the mortgage on his mother's property, nor is he a legal or equitable owner of the property.

Assuming, arguendo, that petitioner made the monthly payments of interest on his mother's mortgage, under the cases cited above he is not entitled to deduct those interest payments. We sustain respondent's determination on this issue.

Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Taxpayers must maintain sufficient records

to establish the amount of claimed deductions.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  Section 274(d)(4) imposes stringent substantiation requirements for the deduction of certain listed property defined under section 280F(d)(4), which includes automobiles.

Petitioner provided a photocopy of a calendar in which the months and days were written, but no year appears on the calendar.  Petitioner testified that he recorded his daily mileage for 1998 in that calendar and that he kept no record of mileage other than the calendar.  We disregard the calendar because the Court finds that it was prepared for audit and/or trial.  In any event, the total number of miles cannot be ascertained from the calendar entries.  Based on petitioner's so-called record, respondent's determination was generous and is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>
<u>for respondent</u>.