FRANK G. HOGAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75648.   Promulgated November 5, 1936.

*A. Calder Mackay, Esq.,* and *Arthur McGregor, Esq.,* for the petitioner.

*Frank M. Thompson, Esq.,* for the respondent.

OPINION.

STERNHAGEN: 1. The decisions in *Douglas* v. *Willcuts*, 296 U. S. 1; *Helvering* v. *Schweitzer*, 296 U. S. 551; and *Helvering* v. *Stokes*, 296 U. S. 551, establish that income from a trust created by a husband to provide support for his wife and children is within his gross income. This was later applied to income from a trust assigned to the wife after separation but before divorce, which was not embodied in the divorce decree, *Helvering* v. *Coxey*, 297 U. S. 694, reversing 79 Fed. (2d) 661. In *Albert C. Whitaker*, 33 B. T. A. 865 (on review, C. C. A., 4th Cir.), trust income which was thus assigned by the husband for support in contemplation of a divorce which subsequently occurred was held to be within his gross income. These decisions completely support the Commissioner's inclusion in peti-

tioner's income of the trust income which was paid to her in 1931 pursuant to the agreement of 1918 embodied in the divorce decree of 1919.

There is no need to consider the rule that an assignment of future income does not relieve the assignor of tax unless there is also an assignment of a present interest in the principal.

The petitioner attempted by his oral testimony to show that the 1918 agreement was not made in contemplation of divorce; but the agreement and its embodiment in the divorce decree too clearly establish the anticipation of divorce to be affected by oral contradiction. Testimony was also offered, of a lawyer who had been a judge in divorce proceedings in California, to show how much of the trust income could reasonably be regarded as in lieu of alimony. On objection, this testimony was excluded.

The Commissioner's determination on this point is sustained.

2. The petitioner deducted the $600 paid in 1931 on his note given in 1930 to make good his assurance to the purchaser of shares of stock in the finance corporation in which he was a large shareholder. The Commissioner disallowed the deduction.

There is no evidence to show that this payment was made either in the course of his trade or business or in a transaction entered into for profit. He was not selling the shares, and what his trade or business was is not shown. Apparently he acted voluntarily and gratuitously. In this he is in no stronger position than the taxpayer in *Goldsborough* v. *Burnet*, 46 Fed. (2d) 432, who reimbursed his mother-in-law for losses which she had sustained in her investments which he had gratuitously guaranteed. His interest in the corporation as a shareholder will not identify him with it, *Menihan* v. *Commissioner*, 79 Fed. (2d) 304; certiorari denied, 296 U. S. 651. See also *Hines* v. *Commissioner*, 58 Fed. (2d) 29; *In re Parks Estate*, 58 Fed. (2d) 965; certiorari denied, 287 U. S. 645; *Strouse* v. *Commissioner*, 59 Fed. (2d) 600; *White* v. *Commissioner*, 61 Fed. (2d) 726; and *Clifford F. Martin*, 28 B. T. A. 741.

The Commissioner's disallowance of the deduction is sustained. *Judgment will be entered for the respondent.*