ALDUS C. HIGGINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1411.   Promulgated October 28, 1943.

*Lawrence E. Green, Esq.*, for the petitioner.
*W. R. Murrin, Esq.*, for the respondent.

### OPINION.

ARUNDELL, *Judge*: The Commissioner determined a deficiency in income tax for the year 1939 in the amount of $881.32. Petitioner filed his return in the district of Massachusetts.

The case is submitted upon a very short stipulation of facts, from which it appears that petitioner in 1939 paid the law firm of Hale & Dorr, Boston, Massachusetts, legal fees in the amount of $3,794.13 for services and advice from February 8, 1938, to June 2, 1939. Of this amount $2,544.13 was paid in connection with problems relating to the management and investment of the property of petititoner and was allowed by the Commissioner as a deduction from gross income. The balance of $1,250 was paid for general legal advice in connection with varied tax problems during 1938 and 1939, including advice with respect to the tax consequences of gains and losses on sales and with respect to the preparation of state and Federal income tax returns. The Commissioner disallowed the deduction of the $1,250.

A copy of petitioner's return for 1939 is attached to the stipulation of facts, but we deem it and any information appearing thereon to be immaterial to the issue presented. No contention is made that petitioner was engaged in a trade or business or that the expense is allowable as an ordinary and necessary business expense. The question involved is whether the legal fee of $1,250 is deductible as a nontrade or nonbusiness expense under section 23 (a) (2) of the Internal Revenue Code,[1] as amended retroactively by section 121 of the Revenue Act of 1942. Petitioner's counsel declared in his opening statement at the hearing that he was not concerned with refinements as to the nature of the tax services rendered or the questions

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
  In computing net income there shall be allowed as deductions :
  (a) EXPENSES.—  *  *  *
  *      *      *      *      *      *      *
  (2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

with respect to which advice was given. Rather, he intended to present only the broad question whether a fee paid by an individual to a law firm for tax advice and for services in preparing income tax returns is deductible under section 23 (a) (2). We shall deal with the issue as it is thus presented.

A fee paid to an attorney for services rendered is deductible under this subsection, or not, depending upon whether it was incurred, in the language of the statute, "for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income." Petitioner would have us lay down the general rule that the cost of tax advice and of the preparation of tax returns is necessarily, and in all cases, incurred either in producing or collecting income or in managing, conserving, or maintaining property held for such purpose.

We are not prepared to lay down such a broad rule nor do we think it would be warranted by the statute. Counsel for petitioner frankly conceded at the hearing that decisions of this tribunal were generally contrary to his position. Whether such an expense is deductible depends upon the facts of a particular case. Those facts, of course, must be shown in order to overcome the Commissioner's determination. In *R. C. Coffey*, 1 T. C. 579, 589, a fee was paid for accounting and preparation of income tax returns. The Commissioner's disallowance was affirmed by this Court. In *John W. Willmott*, 2 T. C. 321, we held that attorney's fees paid to contest a deficiency were not deductible under the facts there presented because they did not proximately result from the production or collection of income or the management, conservation, or maintenance of property held for the production of income. In the instant case no facts are shown to prove that the fee was paid for purposes outlined by the statute.

Accordingly, the Commissioner's determination is sustained.

*Decision will be entered for respondent.*