ELMA M. WILLIAMS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111836.   Promulgated February 4, 1944.

*Ralph W. Barbier, Esq.*, for the petitioner.
*Melvin S. Huffaker, Esq.*, for the respondent.

## OPINION.

STERNHAGEN, *Judge*: 1. The Commissioner explained the disallowance of the deduction of the amounts paid in 1939 and 1940 by this taxpayer to the Mortgage Co. by the statement that:

they do not represent interest, but payments under an agreement dated December 27, 1937, which provides that you and W. G. Mennen shall make up any deficit resulting from the operation of certain mortgaged property held by Mennen Estates, Inc., for a period of five years, and are therefore a charge against the corporation.

A payment by a taxpayer of interest on another's obligation is not deductible by the taxpayer. *Colston* v. *Burnet*, 59 Fed. (2d) 867; *Automatic Sprinkler Co. of America*, 27 B. T. A. 160; *Agnes I. Fox*, 43 B. T. A. 895; *Orange Securities Corporation*, 45 B. T. A. 24, 31; *Inez H. Brown*, 1 T. C. 225. However, interest paid upon an indebtedness of which he is a joint obligor is deductible. *F. C. Nicodemus, Jr.*, 26 B. T. A. 125; *George A. Neracher*, 32 B. T. A. 236; *Rose B. Larson*, 44 B. T. A. 1094, 1104.

This petitioner was a principal obligor of the $750,000 loaned by the Mortgage Co. to Mennen Estates, Inc., and the bond for its repayment was signed by her, her brother, and the Mennen corporation. The later agreement recites that the three "agreed to repay" the loan. Thus she was a joint debtor on the loan, which was secured by a mortgage on the corporation's building. After the mortgage was foreclosed the three joint obligors on the bond signed the agreement assigning the rents to the mortgagee. Petitioner's obligation both upon the bond and upon the agreement were her direct personal obligations. She was not a guarantor of payment by the Mennen corporation of its obligation. The Mortgage Co., under the contract, agreed that the loan might be repaid *pro tanto* with the income from the mortgaged property; and the joint obligors were to make payments in the event of an insufficiency in such income. However, to the extent of such insufficiency their joint obligation was absolute. The building income was, as provided in the contract, to be applied, first, to maintenance and operation of the building, second, to taxes, and, third, to interest. In the tax years the income was enough to pay the expenses and taxes, but not enough to pay the interest. The insufficiency in interest had to be met by the joint obligors. The amounts which petitioner paid were payments to make up this interest requirement and they are clearly within the statutory definition of payments of interest on the taxpayer's indebtedness.

The respondent intimates that the interest paid by this petitioner may have been deducted by the Mennen corporation, on its tax return, as interest on its obligation. The Commissioner did not state this as a ground for his determination of deficiency as to this petitioner. The corporation is not a party to this proceeding and the evidence does not disclose such inconsistent conduct. We can not permit this oblique suggestion to affect the decision. The petitioner here, having paid the interest on her indebtedness, was entitled to the deduction; she took the deduction and the Commissioner disallowed it, and the ques-

tion for judicial determination in this proceeding is whether the disallowance as to her was erroneous. The decision can not be controlled by a mere intimation that perhaps the corporation itself also took the deduction.

Since the deduction was allowable as interest, it is not necessary to consider the further question presented whether the amount would be the subject of a deduction for worthless debts upon the theory that they were advances to the corporation. Cf. *Daniel Gimbel*, 36 B. T. A. 539.

2. In 1939 and 1940, petitioner paid amounts to Loomis Sayles & Co. for services throughout those years as her investment counsel. The services were not specifically related to any particular transactions, but were general advice throughout the year in respect of her investments. They had nothing to do with her tax affairs. Cf. *Aldus C. Higgins*, 2 T. C. 948. The Commissioner disallowed the deductions, saying that they did not constitute ordinary and necessary business expenses. The original issue, however, has been altered by the amendment of the Revenue Act of 1942, which permits the deduction of expenses paid "for the production or collection of income, or for the management, conservation or maintenance of the property held for the production of income." This amendment covers the deduction of amounts paid by an individual taxpayer for the regular services of investment counsel in giving advice in respect of the taxpayer's investments made and carried for the production of income. *Edward Mallinckrodt, Jr.*, 2 T. C. 1128. The petitioner's payments are, therefore, deductible.

3. A third point was abandoned by the taxpayer.

*Decision will be entered under Rule 50.*