FRANK G. HOGAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111815. Promulgated April 27, 1944.

*Arthur McGregor, Esq.*, for the petitioner.
*Ralph E. Smith, Esq.*, for the respondent.

OPINION.

ARNOLD, *Judge*: We have here under review respondent's disallowance of several items claimed and deducted by petitioner upon his income tax returns for 1938 and 1939. The first of these items consists of payments totaling $1,150 in 1938 and $250 in 1939 to make good upon petitioner's guaranties to two purchasers of stock in the Hogan Finance & Mortgage Co. Petitioner contends that these payments are deductible as losses, under section 23 (e) of the Revenue Act of 1938 and the Internal Revenue Code or, alternatively, as expenses, under section 23 (a) of the same statutes, as amended by section 121 of the Revenue Act of 1942.

The other group of items sought to be deducted, and disallowed by respondent, is composed of expenses paid in the taxable years for the preparation of income tax returns, the prosecution of claims for refund, and long distance telephone calls. These are claimed as deductible expenses under section 23 (a), *supra*. The applicable statutory provisions are set out in the margin.[1]

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *

* * * * * * *

(2) Non-Trade or Non-Business Expenses.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

* * * * * * *

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

(1) if incurred in trade or business ; or

(2) if incurred in any transaction entered into for profit, though not connected with the trade or business ;

We consider first whether the payments which petitioner made in the taxable years to heirs of Ann Powell and to Margaret Jack, in order to make good upon his guaranties to the named individuals when they purchased stock in the finance company, are properly deductible as losses under section 23 (e).

In support of his position that the claimed items are not deductible as losses, the respondent cites *Frank G. Hogan*, 35 B. T. A. 26, wherein we held that the same petitioner was not entitled to a loss deduction with respect to payments arising out of the only other instance in which he had guaranteed stock of the finance company. Upon analysis, however, it becomes clear that the decision therein is not controlling here. The crucial factual distinctions from the situation now before us are apparent from what we there said, at page 28:

> There is no evidence to show that this payment was made either in the course of his trade or business or in a transaction entered into for profit. He was not selling the shares, and what his trade or business was is not shown. Apparently he acted voluntarily and gratuitously. * * *

Thus, the decision in that case was dictated by petitioner's failure to prove the facts necessary to bring him within the provisions of section 23 (e).

The facts here are that petitioner was an officer and stockholder of the finance company. He had also been engaged by the finance company's fiscal agent to sell the company's stock for a 15 percent commission, and he made a number of sales. Ann Powell and Margaret Jack wished to purchase some of the stock, but they would not do so without petitioner's personal guaranty against loss. To effectuate the sales, petitioner gave the requested guaranties. He received his commissions upon the sales, which he reported as income. Subsequently he was called upon to make good upon his guaranties and he did so, the amounts now claimed as deductions being in part payment of the notes issued by him as a consequence of the guaranties.

As we pointed out in our previous *Hogan* opinion, at page 28, petitioner's relationship to the corporation will not identify him with it. However, we need not consider his status as a stockholder and officer as a material factor in determining the allowability of the losses resulting from his guaranties. See, however, *Camp Manufacturing Co.*, 3 T. C. 467, and *Marjorie Fleming Lloyd-Smith*, 40 B. T. A. 214; affd., 116 Fed. (2d) 642; certiorari denied, 313 U. S. 588. On the other hand, petitioner's relationship to his mother-in-law and to the nurse, a member of his household, will not prevent the allowance of losses incurred in unquestionably bona fide transactions with them. Cf. *R. W. Hale*, 32 B. T. A. 356.

Considering the circumstances under which petitioner gave the guaranties herein involved, it is obvious that they were given in the course of his activities as a salesman of stock of the finance company.

These activities constituted a trade or business. Petitioner stood to profit to the extent of his 15 percent commission upon the sales, which could not have been made without his personal guaranties against loss. These guaranties were not gratuitous; the consideration for each was an agreement to purchase, for which the guaranty was a condition precedent. It is also apparent that petitioner sustained actual losses, to the extent of the payments which he was required to make upon his guaranties, and that these losses proximately resulted from his trade or business or from transactions entered into for profit.

We are of the opinion that petitioner has demonstrated that he is entitled to loss deductions under section 23 (e) of the Revenue Act of 1938 and of the Internal Revenue Code, amounting to $1,150 in 1938 and $250 in 1939. Because of this conclusion, it is not necessary to consider petitioner's alternative contention.

In respect of petitioner's contention that accountant's and attorneys' fees paid for the preparation of income tax returns, attorneys' fees for the prosecution of refund claims, and long distance telephone charges are deductible as expenses under section 23 (a), *supra*, we are of the opinion that the petitioner has failed to prove sufficient facts to warrant the allowance of any of these items.

Although we have found that petitioner's business during the taxable years was the operation of dog kennels, these were operated at a considerable loss and his income was derived principally as beneficiary of several trusts. The petitioner's testimony was merely that he paid fees for the preparation of his returns, but he failed to show that these expenses were, in whole or in part, necessary in connection with his business activities. He also has not shown, and we doubt, that expenses for the preparation of income tax returns were necessary for the production or collection of his nonbusiness income or for the maintenance of property held for the production of income. We see no more reason for allowing these claimed deductions under section 23 (a) than we could find in *Ralph J. Green*, 3 T. C. 74; *Aldus C. Higgins*, 2 T. C. 948; or *R. C. Coffey*, 1 T. C. 579. See also T. D. 5196, C. B. 1942-2, pp. 96, 100. We hold that the accountant's and attorneys' fees for the preparation of income tax returns paid by petitioner during the taxable years are not deductible either as business or as nonbusiness expenses.

The claims for refund in connection with which the petitioner paid legal fees during the taxable years sought the recovery of excess interest previously paid by the petitioner with respect to his Federal tax liability for 1924 through 1926. It has not been shown that the prior tax liability in connection with which the excessive interest was paid resulted from any business activity in which petitioner was then engaged. Neither has it been shown that the fees were paid in carrying on any trade or business in which the petitioner

was engaged during the taxable years before us. We, therefore, are unable to allow the claimed items as trade or business expenses under section 23 (a) (1), *supra.*

In order that the petitioner may be permitted to deduct the attorneys' fees pertaining to the claims as expenses paid "for the production or collection of income," he must establish that the amounts sought to be recovered by the claims were includible in income when recovered. The available facts are not sufficient to permit us to determine whether the recoveries were required to be included in income or that they were in fact included. In this state of the facts, we are unable to see how we can permit petitioner to deduct the attorneys' fees in connection with the refund claims as nontrade or nonbusiness expenses under section 23 (a) (2), *supra.* See T. D. 5196, *supra; James Lewis Caldwell McFaddin,* 2 T. C. 395, 411; *John W. Willmott,* 2 T. C. 321; cf. *National Engraving Co.,* 3 T. C. 178.

No explanation has been given of the circumstances under which petitioner paid the charges for long distance telephone calls and there is nothing to show that they were not purely personal expenses. As such, they are nondeductible.

We conclude and hold that the respondent properly disallowed the amounts of $221.70 for 1938 and $350.15 for 1939, composed of the individual items discussed above.

*Decision will be entered under Rule 50.*