Don A. Davis, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 105108.   Promulgated November 17, 1944.

---

*Richard P. Jackson, Esq., Raymond C. Howe, Esq.,* and *Henry J. Plagens, Esq.,* for the petitioner.

*Clay C. Holmes, Esq.,* for the respondent.

OPINION.

ARUNDELL, *Judge*: It has now been definitely established by the Supreme Court in *Spreckles* v. *Helvering*, 315 U. S. 626, that selling commissions paid in connection with the disposition of securities may not be deducted as ordinary and necessary expenses by one not a dealer in securities, and these commissions are to be treated as offsets against the sale price in determining the gain or loss incident to the disposition of the property. As petitioner was not a dealer in securities, it is evident that the commissions he here seeks to deduct would not be allowable for tax purposes under section 23 (a) (1) of the Internal Revenue Code,[1] even if they had been in connection with the carrying on of a trade or business.

Petitioner does not make claim under section 23 (a) (1) of the code, but under section 23 (a) (2),[1] which was added to the law by section 121 of the Revenue Act of 1942. This provision is retroactively applicable to our taxable year. Section 23 (a) (2) permits the deduction of ordinary and necessary expenses paid or incurred for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. Profit was realized from the sale of the securities here in question, and peti-

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

* * * * * *

(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

tioner argues that the selling commissions paid to the brokers were an expense incurred for the production of this income.

Petitioner's argument is plausible, but we are not persuaded. The purpose of section 23(a)(2), *supra*, was to relieve from the harshness of the rule announced in *Higgins* v. *Commissioner*, 312 U. S. 212, and other cases of like import. It was intended to give a deduction for ordinary and necessary expenses to one not engaged in carrying on a business, limited, however, to the extent set forth in this subsection and under circumstances where such expenditures would be allowable to one engaged in carrying on a trade or business. It was not intended, however, to go any further, as the following quotation from the congressional reports states.[2]

A deduction under this section is subject, except for the requirement of being incurred in connection with a trade or business, to all the restrictions and limitations that apply in the case of the deduction under section 23(a) (1) (A) of an expense paid or incurred in carrying on any trade or business. * * *

We think it clear that Congress had no intention of changing the language of this section as construed by the Treasury regulations, which construction before 1942 had received the approval of the Supreme Court. In other words, the treatment of the selling commissions as an offset against the sale price and not deductible as an ordinary and necessary expense, except to dealers, was not to be disturbed.

It has already been decided that section 23(a)(2) did not change the rule that expenses incident to the protection of title to property are not deductible, but are to be treated as capital expenditures, thus recognizing that expenditures under this new subsection are not to be given a broader interpretation than under section 23(a)(1). We think that such items as are not deductible as ordinary and necessary expenses under section 23(a)(1) may not be deducted as ordinary and necessary expenses under section 23(a)(2). *Bowers* v. *Lumpkin*, 140 Fed. (2d) 927.

The expenditure of $5,000 for registration of the securities with the Securities and Exchange Commission, under the circumstances here present, is in the nature of a selling cost and requires the same treatment as has been accorded the commissions. *Motion Picture Capital Corporation* v. *Commissioner*, 80 Fed. (2d) 872.

The remaining issue concerns the deductibility of the $1,275 paid by petitioner to an attorney for legal services and claimed by petitioner to be an ordinary and necessary nontrade or nonbusiness expense. The respondent disallowed the deduction on the ground that it represented personal expenses. At least $150 of the above amount was paid

---

[2] Senate Finance Committee Report 1631, 77th Cong., 2d sess., 1942–2 C. B., pp. 504, 571, and Ways and Means Committee Report 2333, 77th Cong., 1st sess., 1942–2 C. B. pp. 372, 430.

by petitioner for services connected with the preparation of his income tax returns. The remainder of the amount represents fees for legal and auditing services and payment to the attorney for traveling expenses and long distance telephone calls in behalf of petitioner. We have held that the cost of tax advice and of the preparation of income tax returns may not be deducted as a nontrade or nonbusiness expense under section 23(a)(2) of the Internal Revenue Code, in the absence of a showing that such cost is proximately related to the production or collection of income, or the management, conservation, or maintenance of property held for the production of income. *Higgins* v. *Commissioner*, 2 T. C. 948; affd., 143 Fed. (2d) 654. Under the circumstances here present, the expenditures must be held to be personal and, therefore, not deductible. As to the remainder of the claimed deduction, the petitioner has furnished no definite evidence upon which a division between personal expenses and deductible nonbusiness expenses, if such there were, could be made. The burden is upon the taxpayer to show that his claimed deductions fall clearly within the deductions provided for by statute. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435. Upon the failure of proof by petitioner, we sustain the determination of the respondent that the total sum of $1,275 is not deductible.

*Decision will be entered for the respondent.*

