Irving L. Shein v. Commissioner.
Shein v. Commissioner
Docket No. 32717.
United States Tax Court
1952 Tax Ct. Memo LEXIS 307; 11 T.C.M. (CCH) 191; T.C.M. (RIA) 52055; February 29, 1952
Edward J. Feeley, Esq., and Quinlan J. Shea, C.P.A., 15 Westminster St., Providence, R.I., for the petitioner. Joseph Landis, Esq., and Nathan M. Silverstein, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The respondent has determined deficiencies of $7,447.04 and $20,904.94 in the petitioner's income tax liability *308 for the calendar years 1943 and 1944, respectively. In his amendment to answer, the respondent claimed an increased deficiency in the amount of $7,617.10 for the calendar year 1943 based on alternative allegations. The calendar year 1942 is involved because of the Current Tax Payment Act of 1943. The petitioner contests that portion of the deficiencies resulting from the disallowance of sums claimed as (1) traveling, entertainment and automobile expenses for the calendar years 1942 through 1944; (2) an alleged guaranty payment for the calendar year 1942; (3) the cost of a marketing service publication for the calendar years 1943 and 1944; (4) the cost of accounting and tax services for the calendar year 1943, and (5) medical expenses for the calendar year 1942. The petitioner also contests the inclusion in his income for the taxable years 1943 and 1944 of certain commissions from the sale of securities, and the inclusion in his income for the taxable year 1944 rather than the taxable year 1943 of $10,000 [1] constituting commissions earned by him during the period November 15 through December 31, 1943, from the Electrix Corporation. *309 All stipulated facts are found as stipulated. Findings of Fact The petitioner is an individual residing in Providence, Rhode Island. His returns for the taxable years in controversy were filed with the Collector of Internal Revenue for the District of Rhode Island. The petitioner's income was computed and reported by the calendar year and on the cash basis. The petitioner was employed as a salesman and plant manager of the Electrix Corporation (hereinafter referred to as Electrix) during the years 1939 to 1945, and received as compensation for his services a commission of 10 per cent of the net billings on sales made by him. Electrix was a manufacturing concern located in Pawtucket, Rhode Island, which manufactured machine parts and other products during the years in question, principally under war contracts. During the taxable years 1942 through 1944, the petitioner frequently traveled throughout New England and New York and made occasional trips to Maryland, Ohio and Michigan for the purpose of obtaining war contracts for Electrix. On some trips the petitioner was able to depart and return the same day and on other trips he remained overnight or stayed a few days. He traveled *310 throughout this area by automobile, bus, train or airplane and lodged at a hotel when remaining overnight. Sometimes the president of Electrix accompanied him on trips and paid the expenses. On a few of the trips petitioner was accompanied by his wife. The petitioner usually entertained the buyers, purchasing agents, or other representatives with whom he was negotiating, especially when the negotiations occurred out of town rather than in Pawtucket. He would take these representatives to restaurants, theaters, nightclubs, and sporting events. On certain occasions such as Christmas, he would send gifts to some of them. Although manufacturers were very much in demand to produce under war contracts during the taxable years in question, the petitioner found it necessary to solicit war contracts and also found it advisable to entertain the representatives of those whom he solicited to obtain large orders and favorable terms. At the commencement of the petitioner's employment with Electrix, it was agreed that he would receive a fixed sum of $50 per month as reimbursement for travel, entertainment and automobile expenses. Some time immediately prior to 1942, this method of reimbursement *311 was discontinued and thereafter the petitioner was reimbursed for a part of the sums he spent for traveling, entertainment and automobile expenses. During the years in question, the petitioner deducted in his income tax returns, as travel, entertainment and automobile expenses, the following amounts: Travel & Entertainment
Auto-
Year
Expense Deduction Claimed
mobile
1942
$ 5,200.00
$753.75
1943
8,700.00
787.50
1944
12,068.45 (including automo-
bile expenses) During the same period he earned commissions from Electrix as follows: 1942
$40,235.78
1943
69,729.35
1944
70,262.47
The sums claimed as travel and entertainment expenses in the petitioner's income tax returns were based on estimates. Petitioner did not exclude in these estimates the cost of his own meals on trips on which he was not away from home overnight, or the expenses incurred on behalf of his wife when she accompanied him. The sums claimed by the petitioner as automobile expenses represented 90 per cent of the estimated cost of owning and operating an automobile which the petitioner claimed was used 90 per cent of the time for business purposes. The petitioner's *312 deductible travel, entertainment and automobile expenses for which he was not reimbursed were $2,000, $4,000 and $5,000 for the taxable years 1942 through 1944, respectively. During the period November 15 through December 31, 1943, the petitioner earned $10,051.13 in commissions from Electrix. Electrix paid $8,000 to the petitioner in December, 1943, and at his request recorded the disbursement as a loan. On January 19, 1944, Electrix credited $8,000 to its loan account with the petitioner, and $1,979.03 to its withholding tax account and issued a check to the petitioner for $72.10. Eight thousand dollars, representing a part of the commissions earned during the period November 15 through December 31, 1943, and $2,051.13, representing the balance of the commissions, were paid to the petitioner and received by him in the taxable years 1943 and 1944, respectively, and were income to him in those respective years. The $8,000 to petitioner in 1943 was not included in the withholding statement issued to him for 1943. The petitioner did not report any of the $10,051.13 earned during the period November 15 through December 31, 1943 as income for the calendar years 1943 or 1944. From *313 1929 or earlier to about 1945, the petitioner was employed as a securities salesman. In 1929, prior to the abrupt decline in the price of securities, the petitioner sold securities to one Irwin Silverman (hereinafter referred to as Silverman) with the agreement that the petitioner would receive 50 per cent of the profits and would reimburse Silverman for any loss to the extent of $200. In 1929, after the abrupt decline in the price of securities, Silverman sold the securities and incurred a loss in excess of $200. On April 14, 1942, the petitioner paid $200 to Silverman in discharge of the obligation under the guaranty agreement. The petitioner received commissions from the security brokerage firm where he was employed in the amounts of $295.80 and $2,218.84 in the calendar years 1943 and 1944, respectively. The petitioner did not report any of this income in the calendar years 1943 or 1944. The petitioner paid $40 in each of the calendar years 1943 and 1944 for a marketing service publication which was used by him in pursuance of his activities as a securities salesman. During the taxable year 1943, the petitioner paid the sum of $200 to an accounting firm for accounting and *314 tax services. The sum paid for these services was a business expense incurred by the petitioner in the pursuance of his activities as a salesman. During the taxable year 1942, the petitioner paid $2,800 for medical expenses. Opinion ARUNDELL, Judge: The principal issue is whether the respondent erred in his determination that the petitioner's deductible travel, entertainment and automobile expenses were not in excess of $1,000 for each of the taxable years 1942 through 1944 rather than $5,953.75, $9,487.50 and $12,068.45, respectively, as claimed by the petitioner. The taxpayer may deduct all ordinary and necessary travel, entertainment and automobile expenses paid or incurred in carrying on a trade or business, section 23 (a) (1) (A), Internal Revenue Code, but the burden is upon him to establish that they were in fact paid or incurred, Rugel v. Commissioner, 127 Fed. (2d) 393, that the expenses were for business purposes and were not personal expenditures, section 24 of the Code, James Schulz, 16 T.C. 401, and if any reimbursement was received, the amount of the reimbursement. See Glendinning, McLeish & Co. v. Commissioner, 61 Fed. (2d) 950, *315 aff'g., 24 B.T.A. 518. The petitioner has failed to sustain this burden. Once again we have before us the case of a taxpayer claiming substantial deductions on the basis of inadequate evidence. We are convinced that the petitioner spent liberally in his pursuit of business gain but we have not sufficient detailed information to determine the extent of his travel, the number of times he visited various localities, and the sums spent on each trip. In addition to his failure to submit adequate records of the expenditures, the petitioner in his testimony dealt mainly with generalities and at times was vague. The record does not afford an opportunity to determine with a reasonable degree of accuracy the expenditures on any single trip. In addition to this lack of necessary detail, there is sufficient evidence that part of the sums claimed as deductions included personal expenditures such as expenditures the petitioner incurred on behalf of his wife on those occasions when she accompanied him on business trips. Also, these deductions included the cost of the petitioner's meals on short trips when he departed and returned the same day. See Fred Marion Osteen, 14 T.C. 1261. *316 Finally, the evidence also establishes that the petitioner was reimbursed by his employer for a part of these expenditures. Since we are convinced that the petitioner's deductible travel, entertainment and automobile expenses during the years in question were substantial but because of the inadequate evidence we are unable to determine with exactness the amount of the expenditures, what part of them were personal, and to what extent the petitioner was reimbursed, we have resorted to an approximation. Cohan v. Commissioner, 39 Fed. (2d) 540. On the basis of that approximation, we have concluded that the petitioner's deductible travel, entertainment and automobile expenses for which no reimbursements were received were $2,000, $4,000 and $5,000 for the taxable years 1942 through 1944, respectively. The second question is whether the sum of $10,051.13 earned by the petitioner as commissions from Electrix during the period November 15 to December 31, 1943, was income in the calendar years 1943 or 1944. The petitioner received $8,000 of this sum in December, 1943. At his request, Electrix recorded the disbursement as a loan. The remainder of the sum due was paid in the *317 calendar year 1944. It is well settled that bookkeeping entries are only of evidentiary value; they do not determine the taxable nature of the transaction they record. Doyle v. Mitchell Bros. Co., 247 U.S. 179. We think the evidence when considered in its entirety, and particularly the fact that the transaction was recorded on Electrix's books of account as a loan at petitioner's request, adequately establishes that the $8,000 payment was intended to be and was in fact paid and received in 1943 as compensation. It is, therefore, income to the petitioner in that year and the remainder of the $10,051.13 constituted taxable income in the year 1944. It is clear from the facts as found that the $200 sum paid by the petitioner in 1942 to Irwin Silverman was in discharge of his obligation under a guaranty agreement. This guaranty was given by the petitioner in the course of his business activities as a securities salesman and, in addition, was given for a substantial consideration. We, therefore, hold that the $200 payment gave rise to a $200 loss which was incurred by the petitioner in his trade or business, or in a transaction entered into for profit, and is deductible *318 under section 23 (e) of the Internal Revenue Code in the taxable year 1942. Frank G. Hogan, 3 T.C. 691. The parties have agreed that during the calendar years 1943 and 1944 the petitioner received as income from commissions on the sale of securities $295.80 and $2,218.84, respectively. These commissions are taxable to the petitioner in those years as ordinary income under section 22 (a), Internal Revenue Code. The petitioner paid $40 in each of the calendar years 1943 and 1944 for a marketing service publication and $200 in 1943 for accounting and tax services. These were ordinary and necessary expenses paid in carrying on the petitioner's various selling activities and are deductible under section 23 (a) (1) (A), Internal Revenue Code. The medical expense deduction for the calendar year 1942 should be adjusted on the basis of petitioner's income as herein determined. Decision will be entered under Rule 50. Footnotes
1. The commissions earned during this period were $10,051.13.↩