C. W. Capps and Margaret G. Capps v. Commissioner.
Capps v. Commissioner
Docket No. 39282.
United States Tax Court
T.C. Memo 1955-136; 1955 Tax Ct. Memo LEXIS 203; 14 T.C.M. (CCH) 505; T.C.M. (RIA) 55136; May 25, 1955
*203 Amount paid by petitioner in the taxable year in satisfaction of a personal obligation under an indemnity agreement held deductible under sec. 23(e)(2), I.R.C. of 1939, as a loss incurred in a transaction entered into for profit. Ben F. Mitchel, Esq., and Percy C. Young, Esq., for the petitioners. Lester R. Uretz, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined a deficiency for 1949 *204 in the amount of $3,241.24. The deficiency results from the respondent's disallowance of a loss deduction in the amount of $17,500. The chief question to be decided is whether petitioner is entitled to a loss deduction under section 23(e) of the 1939 Code in the amount of $17,500, as the result of his performance of a guarantee agreement. Findings of Fact The stipulated facts are found as stipulated. The stipulation and the attached exhibits are incorporated herein by this reference. The petitioners, husband and wife, are residents of Cleveland, Mississippi. They filed a joint return for 1949 with the collector for the district of Mississippi. The questione presented relate only to C. W. Capps; he is referred to hereinafter as the petitioner. Prior to July 1946, petitioner was engaged in the business of buying and selling cotton and cotton contracts as a sole proprietor in Cleveland, Mississippi. He also was a member of a partnership which carried on the same kind of business in Memphis, Tennessee. Petitioner and Hal Bailey were the only members of the partnership. It was formed in 1940. Petitioner first entered the business of buying and selling cotton in 1920. Under the *205 terms of the partnership agreement, which was an oral agreement, petitioner agreed to furnish all of the original capital for the business, and Bailey agreed to devote his full time to the management of the business; each partner was to receive 50 per cent of the profits but petitioner was to sustain any operating losses of the partnership. The partnership engaged in the cotton business in Memphis under the firm name of C. W. Capps and Company until July 1946. Early in the summer of 1946, petitioner in his individual business, and the partnership, in its business, each, had large inventories of cotton on hand. The inventories had been acquired at prices substantially below the prevailing market price, and the cotton market was advancing. Petitioner was concerned over the possible tax consequences if the inventories of both businesses were liquidated under the prevailing market prices. Petitioner's attorney advised him to incorporate both his individual business and the partnership business. In July 1946, petitioner organized a corporation under the laws of Delaware, C. W. Capps and Company, to which he transferred the assets of the business conducted by him individually in Cleveland, *206 Mississippi, in exchange for all of the capital stock of the corporation. The corporation, C. W. Capps and Company, is referred to hereinafter as the Cleveland corporation. At the time of the incorporation of petitioner's individual business, the matter of incorporating the partnership business was discussed with Bailey. Petitioner asked Bailey to consent to incorporation of the partnership business and to invest the amount to his credit on the partnership books, approximately $17,500, in the proposed corporation in exchange for one-third of the capital stock. Bailey was reluctant to agree to incorporation of the business because (1) it would require a capital investment on his part; (2) he would be a minority stockholder and as such unable to command the distribution of earnings through dividends; and (3) any undistributed earnings of the corporation could be wiped out by subsequent operating losses. He preferred the partnership arrangement under which he was not required to risk any capital, and under which his share of the profits was available to him annually and all losses were sustained by petitioner. In order to induce Bailey to consent to incorporation of the business *207 and to invest in the proposed corporation, petitioner entered into an oral agreement with Bailey under which he, personally, guaranteed Bailey against (1) the loss of his capital investment in the corporation, and (2) the loss of any undistributed earnings of the corporation to the extent of one-third thereof. Petitioner agreed that any operating losses of the corporation were to be charged to him. In addition, it was agreed that the capital stock of the proposed corporation would be owned two-thirds by petitioner and one-third by Bailey; and that Bailey was to serve as general manager of the corporation for which services he was to receive a salary equal to 25 per cent of the annual net income of the corporation. It was the intention of the parties to the agreement that, with respect to the risk of capital and the division of profits, Bailey was to maintain substantially the same position as a stockholder of the corporation as he had enjoyed as a member of the partnership. Pursuant to the aforementioned agreement between petitioner and Bailey, the partnership was terminated on July 6, 1946, and on that date all of the partnership assets were transferred to a trustee, subject to *208 the partnership liabilities, for transfer to a corporation which was to be organized to take over the partnership assets and liabilities in exchange for all of the corporation's capital stock. Bailey's interest in the partnership on July 6, 1946, amounted to $17,463.11, which represented his share of the then undistributed partnership profits. On July 19, 1946, petitioner organized a corporation under the laws of Delaware, C. W. Capps and Company of Memphis, to take over the partnership business. The corporation is referred to hereinafter as the Memphis corporation. On July 27, 1946, the trustee transferred the assets of the former partnership, subject to its liabilities, to the Memphis corporation, and the Memphis corporation issued $35,000 par value capital stock to the petitioner, and $17,500 par value capital stock to Bailey. Bailey's credit of $17,463.11 on the books of the former partnership was applied as his contribution to the capital of the new corporation. The Memphis corporation commenced operations in July 1946, with a capital of $52,500. It was engaged in business from July 1946 until June 30, 1949. It kept its books and filed its tax returns on the basis of a fiscal *209 year ended June 30. The Memphis corporation was not successful. It realized net income for the fiscal years ended June 30, 1947, and June 30, 1949, in the amounts of $55,558 and $35,913, respectively, but it sustained a net loss for the fiscal year ended June 30, 1948, in the amount of $131,952 which it was unable to recover under existing conditions. In June 1949, the corporation lacked the funds necessary to continue operations. Bailey thereupon advised petitioner that he wished to withdraw from the corporation. At the same time, he called upon petitioner to make good under the agreement to indemnify him against loss. The Memphis corporation ceased operations as of June 30, 1949. There was no formal dissolution of the corporation. Bailey wound up the affairs of the corporation; he sold the small cotton inventory on hand as of June 30, 1949, and he paid the debts and liabilities of the corporation, after which the corporation had available for liquidating payments to stockholders the sum of $3,039.57. On September 12, 1949, Bailey transferred the aforementioned balance of $3,039.57 to the Cleveland corporation of which petitioner was the sole stockholder. The balance of $3,039.57 *210 was constructively received by petitioner, and it represented a distribution in complete liquidation of the Memphis corporation in exchange for his stock. Bailey did not receive any liquidating distribution. Bailey, in order to recover his investment in the corporation, called upon the petitioner for performance of the indemnity agreement. On June 8, 1949, Bailey sent a letter to the petitioner in which he requested that petitioner acknowledge an indebtedness to him under the indemnity agreement in the amount of $28,500. As set forth in the letter, the amount of the indebtedness was determined by Bailey as follows.. "$17,500 guarantee on stock, $11,000 balance of my share profits, 1946-47 also guaranteed." After several discussions with petitioner in the summer of 1949, Bailey agreed to accept $20,000 in full satisfaction of petitioner's obligation under the indemnity agreement. It was the petitioner's understanding, at that time, that the amount agreed upon was $17,500. Petitioner paid Bailey $20,000 in 1949 in discharge of his obligation under the indemnity agreement. Petitioner secured the funds used to pay Bailey in the following manner: (1) Petitioner sold his seat on *211 the Memphis Cotton Exchange on September 8, 1949 for $10,000 to the Mid-South Cotton Growers' Association. At the direction of the petitioner and on the same date, the Mid-South Cotton Growers' Association issued their check for $10,000 to Bailey. (2) He directed the Planters Bank and Trust Company of Ruleville, Mississippi, on November 5, 1949, to pay $5,500 to Bailey, and he deposited in excess of $5,500 of his own funds with the bank to cover the payment to Bailey. (3) In December 1949, petitioner gave Bailey "expense bills" of the Cleveland corporation which had a value of $4,501.64. The "expense bills" represented claims against various railroads for rebates on freight charges. Bailey received $4,501.64 for the "expense bills." He subsequently remitted to petitioner $1.64. In December 1949, the Cleveland corporation owed the petitioner in excess of $4,501.64. The proceeds of the "expense bills" were constructively received by petitioner, and the proceeds were charged to his account on the books of the Cleveland corporation in part payment of the amount due him from the corporation. In his return for 1949, the petitioner deducted $17,500 as an "indemnity loss." The respondent *212 disallowed the deduction. The payments to Bailey in 1949 in the total amount of $20,000 were made by petitioner out of his personal funds; they were not made by the Cleveland corporation. Opinion The question to be decided is whether petitioner is entitled to a loss deduction under section 23(e)(2) of the 1939 Code [1] under the facts. Although petitioner paid $20,000 to Bailey in satisfaction of his personal guarantee under his indemnity agreement, he seeks deduction of only $17,500. Respondent concedes that there was an agreement between petitioner and Bailey under which petitioner was obligated to make Bailey whole if the latter's investment in the Memphis corporation was lost. He also concedes that payments in the amount of at least $17,500 were made to Bailey under the agreement. Respondent contends, *213 however, that petitioner has failed to establish that the payments under the agreement were made by him and not by the Cleveland corporation of which he was sole stockholder. He contends, further, that if the payments to Bailey were in fact made by petitioner, the payments were made in a transaction involving petitioner's purchase of Bailey's stock at par. He contends that what petitioner refers to as an indemnity agreement was in reality an undertaking on the part of the petitioner to purchase Bailey's stock at par if the corporate venture was not successful, and, therefore, that any loss sustained by petitioner as a result of the transaction is a capital loss, the deduction of which is limited by the provisions of section 117(d) of the 1939 Code. We are satisfied from the evidence and have found as a fact that the disputed payments were made by the petitioner rather than by the Cleveland corporation, and that they were in discharge of a personal obligation of the petitioner under an indemnity agreement. The evidence does not support the respondent's theory that the agreement between the petitioner and Bailey was an undertaking on the part of the petitioner to purchase Bailey's *214 stock. The evidence establishes that the agreement in question was an indemnity agreement. Furthermore, the evidence establishes that the indemnity agreement was a bona fide agreement, and that it was part of a transaction entered into by petitioner for profit. Respondent does not make any contentions to the contrary. Petitioner entered into the indemnity agreement in order to obtain Bailey's consent to the incorporation of the business which was being conducted by petitioner and Bailey as partners, and to induce Bailey to invest in a corporation in which he would be a minority stockholder, the amount to his credit on the partnership books. Petitioner believed that it would be to his advantage, taxwise, to operate the business in corporate form. The personal guarantee against loss given by petitioner to induce Bailey to join in the corporate venture was part of a transaction entered into for profit. It is well settled that a loss sustained in making good a personal guarantee given as part of a transaction entered into for profit is deductible under section 23(e) of the 1939 Code. See Carl Hess, 7 T.C. 333; Frank G. Hogan, 3 T.C. 691; Marjorie Fleming Lloyd-Smith, 40 B.T.A. 214, *215 affd. on other issues 116 Fed. (2d) 642, certiorari denied 313 U.S. 588; R. W. Hale, 32 B.T.A. 356, affd. on other issues 85 Fed. (2d) 819. It is held that petitioner is entitled to deduct as an ordinary loss the sum of $17,500, under section 23(e)(2) of the 1939 Code. Respondent's determination is reversed. Decision will be entered for petitioner. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. * * *
(e) Losses by Individuals. - In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise - (1) if incurred in trade or business; or (2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or * * *↩