BENJAMIN AND HELEN STRATMORE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stratmore v. Commissioner
Docket No. 7887-74.
United States Tax Court
T.C. Memo 1984-547; 1984 Tax Ct. Memo LEXIS 127; 48 T.C.M. (CCH) 1369; T.C.M. (RIA) 84547; October 11, 1984. *127 Held: Interest paid by petitioners Benjamin and Helen Stratmore, as guarantors, on obligations of B.B. Rider Corp. is deductible as nonbusiness bad debts but is not deductible under sec. 163(a), I.R.C. 1954. Edward L. Baxter and James D. Crawford, for the petitioners. Susan G. Lewis, for the respondent. IRWIN SUPPLEMENTAL FINDINGS OF FACT AND OPINION IRWIN, Judge: This case is here on remand from the Third Circuit Court of Appeals. B.B. Rider Corp. v. Commissioner,725 F.2d 945 (3d Cir. 1984). Vacating the decision of this Court only with respect to deductions based on Benjamin and Helen Stratmore's (the Stratmores') payments of interest, the Court *128 of Appeals directed that further proceedings be entertained by this Court. In our Memorandum Findings of Fact and Opinion, B.B. Rider Corp. v. Commissioner,T.C. Memo. 1982-98, filed February 23, 1982, with respect to the petitioners in docket No. 7887-74 we, inter alia, sustained respondent's assertion that petitioners were not entitled to a deduction under section 163(a)[1] for interest paid on corporate debts which they guaranteed, finding that the interest payments were made on the corporations' indebtedness, not on their own indebtedness. On appeal, petitioners argued that the corporations were discharged from their debts as part of a bankruptcy reorganization in the late 1950's. Petitioners also contended that, at that time, they executed agreements acknowledging their liability for the debt and renouncing their claims as creditors of the corporations. Petitioners' appeal claimed that these events transformed the corporations' debts into their personal debts andthey cited Tolzman v. Commissioner,T.C. Memo. 1981-689, in support of their argument.
*129 The Court of Appeals remanded this issue to us so that we could consider the effect of Tolzman on the present case.[2] Pursuant to the remand, in an order dated February 29, 1984, we directed the parties to submit briefs setting forth their respective postitions on this issue with particular emphasis on Arrigoni v. Commissioner,73 T.C. 792 (1980); Rushing v. Commissioner,58 T.C. 996 (1972); and Tolzman v. Commissioner,supra.
*130 The Findings of Fact which we made in our original opinion in this case are incorporated herein by reference.We find the following supplementary facts. SUPPLEMENTAL FINDINGS OF FACT No additional evidentiary items, i.e., no testimony, no agreements executed by the Stratmores, and no evidence of judgments against the Stratmores, were submitted for our consideration in the proceedings before us on remand. OPINION The issue for decision is whether Tolzman v. Commissioner,supra, has any effect on the deductibility of interest payments made by the Stratmores during the years 1966 through 1971. In our previous opinion, B.B. Rider Corp. v. Commissioner,T.C. Memo. 1982-98, we also found that petitioner made payments of the obligations of the predecessor corporations to Rider/General as guarantors, and held that these payments were deductible as nonbusiness bad debts. The Court of Appeals affirmed our findings and conclusions with respect to this issue. Petitioners argue that Tolzman stands for the proposition that a guaranty, although starting out as a secondary liability of a guarantor, is transformed during the insolvency *131 of a corporation to a primary liability and consequently, that interest paid or accrued after primary liability commences is deductible by the primary obligor under section 163. Petitioners also contend that all liability for interest corresponding to their payments during the years in issue accrued after the insolvency of the predecessor corporations and, therefore, that the full amount of interest is deductible under section 163. Respondent argues that petitioners are entitled to deduct their payments of interest as nonbusiness bad debts only.Respondent contends that petitioners did not show they became primary obligors with respect to any portion of the principal debt and, therefore, that they were secondarily liable with respect to interest payments as well. Respondent distinguishes Tolzman as a situation where the interest deductible was not interest accruing pursuant to the original debt instrument, but instead was interest awarded pursuant to a judgment by a state court against the taxpayers in that case, creating primary liability for the Tolzman taxpayers only with respect to the judgment award. Moreover, respondent claims that in Tolzman we mistakenly *132 relied on dicta from Arrigoni v. Commissioner,73 T.C. at 806, which was meant to apply only to a case where, under state law, individual taxpayers who were corporate officers had primary liability along with the corporate debtor from the creation of an obligation, although they actually paid only when the corporation could not. We findthe situation in Tolzman distinguishable from petitioners' situation, and agree with respondent's contention that the interest payments are deductible only as a nonbusiness bad debt. In Tolzman, the taxpayer was president of United Leaf Tobacco Corporation (ULTC) and a 25 percent owner of another company that, in turn, owned 50 percent of ULTC. The taxpayer thus owned part of ULTC stock and debt indirectly through his 25 percent stock ownership and, additionally, had a direct investment in ULTC by virtue of loans he had made to it. The taxpayer was a guarantor on two ULTC loans, subjecting him to a potential liability of over $114,000.He executed a deed of trust upon his personal residence as additional security for the loans, and became liable for repayment under the contract of guaranty upon the insolvency *133 of ULTC. After the 1969 insolvency of ULTC, the notes for the loans were purchased by a third party who subsequently instituted proceedings to foreclose the deed of trust on the taxpayer's personal residence.The Court of Special Appeals of Maryland held that the taxpayer was still liable on the notes, that he was indebted to the third party creditor for $47,892.42, and awarded interest on this amount from December 9, 1971, the last day interest had been paid, up to August 23, 1974, the date of the Court's judgment. In 1974, the taxpayer paid the $47,892.42 plus interest of $11,341 and deducted the interest paid that had accrued from December 9, 1971 to the date of the court's judgment on August 23, 1974. We found that interest in Tolzman accrued against the taxpayers at a time when their liability was primary and direct and held that the amounts paid for the interest were deductible under section 163(a). Although upon first glance the holding in Tolzman might seem applicable to the situation presented in petitioners' case, we think the weight of authority goes against such a conclusion. Although the dicta in Tolzman is broadly stated, in that case a court *134 judgment wrought the primary liability, not the mere fact of corporate insolvency. In the present case, the Stratmores did not make interest payments pursuant to any official proceedings or pursuant to judicially enforced creditor demands. We found in our original Findings of Fact that the Stratmores were paying interest on their guarantees and held that the indebtedness giving rise to the interest was that of the primary obligors, Rider and General, and not that of the Stratmores. It is well settled that the Tax Court does not consider its Memorandum Opinions to be binding precedent. Nico v. Commissioner,67 T.C. 647, 654 (1977). Tolzman, like other Memorandum Opinions, is limited to its precise factual situation. Because the present factual situation neither includes the presence of creditor notice and demand for payment of interest nor evidence a judgment of the New Jersey court ordering such payment, we find the Stratmores' situation unlike that of the Tolzman taxpayer. [3]
*135 The Tolzman decision relied upon our decision in Arrigoni v. Commissioner,supra. In Arrigoni, we allowed an interest deduction to a taxpayer who paid interest on amounts owing to the United States and Minnesota for sales and withholding taxes.In that case, the Minnesota sales and withholding tax statutes imposed joint and several liability for payment upon the taxpayer and his corporations. While we recognized the taxpayer could not deduct the interest that accrued while he was secondarily liable, we stated that a deducation was allowable only for the interest "which accrued after Arrigoni became primarily liable as the responsible officer f the corporations." Arrigoni v. Commissioner,73 T.C. at 806. This was not a case where a taxpayer had been first secondarily liable and later became primarily liable and we did not intend to indicate in our dicta that a secondary liability could be transmuted into a primary one. We merely were restating the rule that generally interest is deductible only when incurred on a primary liability *136 of an obligor. Rushing v. Commissioner,58 T.C. 996, 1000 (1972). We found that Arrigoni was primarily liable from the start, as were his corporations, and the full amount of interest that accrued while he was a responsible officer of the corporations was deductible by him to the extent he made the actual payment. See Williams v. Commissioner,3 T.C. 200 (1944) (interest paid on indebtedness of joint obligor is deductible by obligor who made actual payment). Although petitioners argue that certain agreements executed at or near the time of the bankruptcy reorganizations transformed them into primary obligors with respect to the interest payments made, they introduced no new evidence to support this. After a review of the original exhibits and record, we see no evidence that would support a conclusion different from that made in our original findings, that is, that the interest payments were made by the Stratmores because of their guarantor status.Guarantor payments of interest are clearly not deductible under section 163(a) because they arise *137 from secondary obligations. Nelson v. Commissioner,281 F.2d 1, 5 (5th Cir. 1960); Abdallah v. Commissioner,69 T.C. 697, 707 (1978), affd. 647 F.2d 487 (5th Cir. 1981); Rushing v. Commissioner,supra; cf. Eskimo Pie Corp. v. Commissioner,4 T.C. 669, 675 (1945), affd. per curiam 153 F.2d 301 (3d Cir. 1946). Consequently, we find that the amounts claimed as interest deductions by the Stratmores during the years 1966 through 1971 are not deductible by them under section 163(a). [4]
Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 in effect during the taxable years in issue, unless otherwise indicated.↩
2. The Court of Appeals stated: * * * The Stratmores seem to be in circumstances that strongly resemble the guarantors' situation in Tolzman, and if Tolzman controls, it might dictate a reversal of the tax court's decision with respect to the Stratmores' interest deductions. * * * We are without the benefit of the tax court's opinion on whether Tolzman applies to this case. Nor are we aware of any other cases in which the tax court followed the Tolzman rule. In the interest of justice, we will vacate the tax court's decision with respect to the interest deductions and remand the case to the tax court to determine whether Tolzman applies. B.B. Rider Corp. v. Commissioner,725 F.2d 945, 951↩ (3d Cir. 1984).
3. We leave for another day a consideration of whether the result in Tolzman will be followed even in the presence of a judgment or a demand for payment. See generally Rushing v. Commissioner,58 T.C. 996 (1972) (shareholders who paid interest as guarantors of debts of insolvent corporation not entitled to deduction under sec. 163); Arrigoni v. Commissioner,73 T.C. 792, 805-806 (1980) (corporate officers who under state law are jointly and severally liable for corporate State sales tax are primarily liable on such debts abinitio and may deduct interest payments made by them on such liabilities after corporate insolvency); and Nelson v. Commissioner,281 F.2d 1, 5↩ (5th Cir. 1960) (interest goes with principal and deduction for interest can be taken only where underlying liability was due to indebtedness of the taxpayer).
4. We note that respondent allowed the petitioners ot deduct these amounts as nonbusiness bad debts.↩