HIRSCH FRIEDMAN AND JANE E. FRIEDMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Friedman v. Commissioner
Docket No. 115-90
United States Tax Court
T.C. Memo 1992-588; 1992 Tax Ct. Memo LEXIS 606; 64 T.C.M. (CCH) 975; October 1, 1992, Filed *606 Decision will be entered under Rule 155. For Petitioners: Hirsch Friedman. For Respondent: Roslyn D. Grand. WELLS
WELLS
MEMORANDUM FINDINGS OF FACT AND OPINION WELLS, Judge: Respondent determined a deficiency in and additions to petitioners' Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661
1985
$ 46,450
$ 2,322.50
[1]
$ 11,612.50
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issues remaining for decision are: (1) Whether petitioners are entitled to a bad debt deduction under section 166 for payments petitioner made on guarantees of loans made by an individual; (2) whether petitioners are entitled to a casualty or theft loss under section 165 for certain work done on petitioners' home; (3) whether petitioners are liable for a negligence *607 addition to tax under sections 6653(a)(1) and (2); and (4) whether petitioners are liable for a substantial understatement addition to tax under section 6661. FINDINGS OF FACT At the time they filed their petition in the instant case, petitioners resided in Atlanta, Georgia. On October 15, 1986, petitioners filed their Federal income tax return for taxable year 1985. Attached to petitioners' return was a Schedule C, Profit or (Loss) From Business or Profession (Sole Proprietorship), on which petitioners claimed they had a net loss of $ 70,404, resulting from an "investment business" with gross receipts of $ 15,596 and a bad debt deduction of $ 86,000. Also attached to petitioners' return was a Form 4684, Casualties and Theft, on which petitioners claimed a loss of $ 60,000 arising out of a "fraud by Floyd Mann". On October 5, 1989, respondent issued a statutory notice of deficiency denying the bad debt deduction because the debt was a nonbusiness bad debt, denying $ 56,000 of the claimed fraud because the loss resulted from defective workmanship on petitioners' personal residence, and imposing additions to tax. West Guaranties
Petitioner Hirsch Friedman, whom we shall *608 hereinafter individually refer to as petitioner, is an attorney licensed to practice in Georgia. On August 11, 1980, petitioner formed a Georgia corporation under the name of FICOR, Ltd., the stated purpose of which was for "investments and other financial matters". Petitioner guaranteed loans made by First National Bank of Atlanta to James West. The purpose of the loans was to allow Mr. West to purchase new and used automobiles for resale. After Mr. West purchased automobiles, he would provide petitioner with the titles. Petitioner would examine the purchase and title documents, and then personally guarantee the loans made by the bank to acquire the automobiles. Subsequently, petitioner discovered that Mr. West had falsified several titles to such automobiles. Mr. West filed for bankruptcy, and petitioner was required to make payment to the bank on the guarantees of Mr. West's loans. Of the funds Mr. West obtained through the use of falsified documents, petitioner recovered $ 15,596 through Mr. West's bankruptcy proceedings. The record does not disclose how many loans petitioner guaranteed for Mr. West. On their return for the taxable year in issue, petitioners claimed *609 a bad debt deduction in the amount of $ 86,000. Home Construction
Petitioner hired Diversified Construction to renovate petitioners' home. Diversified Construction hired Floyd Mann to oversee the renovation. During the renovation, Diversified Construction ceased operating, but Mr. Mann continued to work for petitioner. Petitioner sued Mr. Mann in the Superior Court of Butts County, Georgia, and obtained a default judgment against Mr. Mann in the amount of $ 64,000. The court order states that a default judgment was being granted in the amount of $ 4,000 for stolen equipment and in the amount of $ 60,000 for "Plaintiff's actual expenses in redoing the defective work". The order also states that Mr. Mann "is liable to * * * [petitioner] for breech [sic] of contract and for the said theft in said amounts." The default judgment order is dated January 7, 1986. Mr. Mann sent petitioner a letter postmarked January 29, 1986, stating: There's no need for us to be at odds, if you want my help with Diversified I'm willing. But if you sue me for theft and fraud I wont [sic] get my parol [sic]. Fulton Co [sic] has a detainer on your warrent [sic]. I will let you get a judgment *610 if you dont [sic] push the criminal stuff. I'm sorry I signed your name a [sic] took the stuff from Williams on your account. I can't pay you back from jail if I'm out I'll try to pay you. The letter also states that petitioner can "get the money * * * [Mr. Mann] took" if petitioner would handle a law suit arising out of an injury Mr. Mann sustained in a car accident. On their return for the taxable year in issue, petitioners claimed a loss in the amount of $ 60,000 for the "fraud of Floyd Mann". Destruction of Petitioner's Records
During 1982, the building in which petitioner's office was located was sold, and petitioner moved his business records to his residence. On August 17, 1982, a bomb placed in petitioner's car exploded in front of petitioners' residence, severely injuring petitioner and damaging petitioner's car and garage exterior. Subsequent to the explosion, the fire department rinsed gasoline away from the driveway with water, but the fire department was not required to extinguish a fire. During the afternoon of August 17, 1982, it rained. Petitioner's business records were kept in the garage and were destroyed by water used by the fire department and *611 by the rainwater. OPINION Motion to Amend the Pleadings
Before we resolve the issues raised at trial, we consider a motion filed by petitioner Jane E. Friedman subsequent to trial. Her motion requests leave to amend the pleadings to conform to the evidence pursuant to Rule 41(b)(1) in order that she may raise the issue of whether she is an innocent spouse under section 6013(e). Rule 41(b) permits the Court to conform the pleadings to the evidence "When issues not raised by the pleadings are tried by express or implied consent of the parties". For an innocent spouse to be relieved of liability, section 6013(e) requires the following: (1) A joint return must have been made by the spouses for the taxable year in issue; (2) on such return, a substantial understatement of tax must exist which is attributable to grossly erroneous items of one spouse; (3) the other spouse must establish that in signing the return he or she did not know and had no reason to know that such substantial understatement existed; and (4) taking into account all facts and circumstances, it must be inequitable to hold the other spouse liable for the deficiency. In her motion, petitioner Jane E. Friedman *612 contends that petitioner's testimony that he was the owner of FICOR, Ltd. is sufficient to establish that she is an innocent spouse. At trial, no evidence was introduced which would establish that Mrs. Friedman did not know or have reason to know of the deductions taken on petitioners' return for taxable year 1985, and no evidence was introduced which would establish any inequity in holding her liable for the deficiency. Consequently, even if we were to allow her to raise the innocent spouse issue at such a late date, the record would not contain evidence necessary to establish that the requirements of section 6013(e) have been met. We therefore deny Mrs. Friedman's motion to amend the pleadings to conform to the evidence. West Guarantees
Respondent denied petitioners' bad debt deduction for the reason that petitioner's payments on the guarantees of Mr. West's debts were not in connection with any trade or business. Section 166(a)(1) permits ordinary deductions for debts which become worthless within the taxable year. For an individual, however, worthless debts which are nonbusiness debts are considered to be short-term capital losses which are subject to limitation under *613 sections 1211 and 1212. Sec. 166(d)(1)(B); sec. 1.166-5(a)(2), Income Tax Regs. Nonbusiness debts are defined as debts other than (A) "a debt created or acquired * * * in connection with a trade or business of the taxpayer", or (B) a debt for which the taxpayer's trade or business incurs the loss. Sec. 166(d)(2). The Supreme Court has defined the phrase "trade or business" as follows: to be engaged in a trade or business, the taxpayer must be involved in the activity with continuity and regularity and * * * the taxpayer's primary purpose for engaging in the activity must be for income or profit. * * * Sporadic activity, a hobby, or an amusement diversion does not qualify. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). Whether activities of an individual constitute carrying on a trade or business is a question of fact. Higgins v. Commissioner, 312 U.S. 212, 217 (1941). Petitioners bear the burden of proof. Rule 142(a); see United States v. Generes, 405 U.S. 93 (1972). The record in the instant case does not establish that petitioner's "lending" activities were carried on *614 as part of a trade or business. We think that some of petitioners' difficulty in proving their case stems from the fact that petitioners spent nearly all of their time at trial offering proof that petitioner's files had been destroyed, rather than devoting their efforts to the substantive issue of whether petitioner was engaged in a trade or business with respect to his lending activities. We are sensitive to petitioners' plight of having to prove their case without the benefit of all of petitioner's records. Nonetheless, petitioners made no attempt to reconstruct petitioner's lending activities through the witnesses who were listed on petitioners' trial memorandum as having information concerning such activities. Absent explanation, it is presumed that the testimony of such witnesses would be unfavorable. Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Petitioner's accountant testified that he saw the records for both petitioner's law practice and petitioner's lending activities, but he did not give any specifics with respect to such activity. Petitioner *615 himself failed to testify at any length about such activities, or even how often he guaranteed loans for Mr. West. The shortcomings in petitioners' case that we have highlighted are particularly noteworthy in view of the fact that petitioner is an attorney who should be responsive to questions involving burden of proof. The record simply contains insufficient credible evidence to convince us that petitioner was engaged in the trade or business of lending money or of guaranteeing loans, or that his guarantees of the bank's loan to Mr. West were part of any trade or business conducted by petitioner. Consequently, we hold that petitioners have failed to carry their burden of proof on such issue. Petitioners contend on brief for the first time that if the business bad debt deduction is not allowed under section 166, then the deduction should be allowed under section 165 as a casualty loss or a theft loss. Issues which are not properly pleaded will not be considered for the first time at trial. Rule 34(b)(4); Estate of Mandels v. Commissioner, 64 T.C. 61, 73 (1975). To properly raise an issue, the opposing party must be given fair notice of the issue. *616 Rule 31(a); William Bryen Co. v. Commissioner, 89 T.C. 689, 709 (1987); Markwardt v. Commissioner, 64 T.C. 989, 997 (1975). Consideration must be given to the element of surprise or prejudice to the other party. Markwardt v. Commissioner, supra; Estate of Horvath v. Commissioner, 59 T.C. 551, 555 (1973). An issue is new if the opposing party would be put to offering evidence that is different than that which would be necessary had the new issue not been raised. Pagel, Inc. v. Commissioner, 91 T.C. 200, 212 (1988), affd. 905 F.2d 1190 (8th Cir. 1990) (citing Leahy v. Commissioner, 87 T.C. 56, 64 (1986)). In the instant case, we hold that respondent would be surprised and prejudiced if we permit petitioners to argue that they are entitled to a casualty or theft loss for petitioner's guarantee of Mr. West's loans. Clearly, the evidence that would be necessary to decide whether petitioner was engaged in a trade or business with respect to the loans guaranteed for Mr. *617 West is entirely different than that which would be necessary to decide whether petitioner sustained a casualty or theft loss. Petitioners claimed the loss as a bad debt deduction. They have consistently argued that they should be entitled to a bad debt deduction for petitioner's payment on the guarantees of Mr. West's loans. Until their post-trial brief, petitioners never contended that such expenditures should entitle them to casualty or theft losses. Accordingly, we will not permit petitioners to raise such issue. Home Construction
We next consider the $ 60,000 deduction claimed by petitioners with respect to the remodeling of their home. Of that amount, respondent denied $ 56,000 on the grounds that a casualty loss is not allowed for defective workmanship. Respondent allowed petitioners a $ 4,000 theft deduction for equipment stolen by Mr. Mann. Petitioners contend that they are entitled to a theft loss deduction for the entire $ 60,000. Section 165 permits a deduction for losses sustained during the taxable year which are not compensated by insurance or otherwise. For individuals, however, losses of property not connected with a trade or business or a transaction *618 entered into for profit are limited to losses arising from fire, storm, shipwreck, or other casualty, or from theft. Section 165(c)(3). The statute does not define the term "other casualty". The term "other casualty" means something akin to a fire, storm, or shipwreck that requires "a sudden, unusual, unexpected and accidental force or agency to be applied against the property." Coleman v. Commissioner, 76 T.C. 580, 589 (1981). The casualty loss provision is not "designed to take care of all losses that the economic world may bestow on its inhabitants." Billman v. Commissioner, 73 T.C. 139, 141 (1979). The regulations define the term "theft" to include larceny, embezzlement, and robbery. Sec. 1.165-8(d), Income Tax Regs. Petitioners bear the burden of proof. Rule 142(a). At trial, petitioner testified that, originally, he believed that Mr. Mann's work was negligent and that he therefore sued Mr. Mann for defective workmanship, obtaining a default judgment against him. Petitioner testified that eventually, however, after he had discovered several misrepresentations made by Mr. Mann, he reached the conclusion *619 that rather than merely being negligent, Mr. Mann's actions were fraudulent. The misrepresentations discovered by petitioner were: That the construction crew did not work on the days specified by Mr. Mann, that a column that was supposed to be installed was, in fact, not installed, and that an engineering firm which Mr. Mann claimed to be using did not exist. Petitioner testified that he did not institute another suit against Mr. Mann, based upon such misrepresentations, because petitioner had already obtained the default judgment and because Mr. Mann was serving a sentence for fraud, and petitioner believed that if he sued Mr. Mann again, Mr. Mann would not be paroled from that sentence. Petitioner testified that he believed that if Mr. Mann were not paroled, petitioner would be thwarted in his attempt to obtain repayment from Mr. Mann. To substantiate his testimony, petitioner points to the letter he received from Mr. Mann subsequent to the default judgment. However, that letter, set forth in our findings above, only makes reference to the stolen equipment. It makes no mention of any of the misrepresentations about which petitioner testified. Consequently, the documentary *620 evidence contained in the record does not support petitioner's testimony. Instead, it tends to establish respondent's contention that the workmanship was merely defective. Moreover, petitioners have not shown how such misrepresentations would constitute a theft under the laws of the State of Georgia. Petitioners simply have failed to prove the existence of a casualty or theft which would entitle them to a deduction. Accordingly, we sustain respondent's determination. Additions to Tax
Respondent determined that petitioners are liable for additions to tax under sections 6653(a)(1) and (2) and 6661. Petitioners bear the burden of proof. Rule 142(a). Petitioners, however, have neither offered evidence nor argued that they are not liable for such additions to tax. Accordingly, we hold that petitioners have failed to carry their burden of proof and therefore are liable for the additions to tax determined by respondent. Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due.↩