T.C. Memo. 2015-68

UNITED STATES TAX COURT

SAAD AL-SOUFI AND SAMIA SCHREITAH, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10943-13.                    Filed April 7, 2015.

Saad Al-Soufi and Samia Schreitah, pro sese.

Rachel L. Rollins and Jeffrey E. Gold, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, Judge: The Internal Revenue Service (IRS or respondent) determined for petitioners' 2010 taxable year a deficiency of $20,571 and an accuracy-related penalty of $4,114. The issues for decision are: (1) whether petitioners are entitled to a mortgage interest deduction of $73,619 with respect to real property

[*2] they allegedly owned in Syria; and (2) whether petitioners are liable for the section 6662 penalty.[1]  We resolve both issues in favor of respondent.

FINDINGS OF FACT

The parties filed a stipulation of facts with accompanying exhibits that are incorporated by this reference.  Petitioners resided in Virginia when they petition-ed this Court.  When used in the singular, "petitioner" refers to petitioner husband, Saad Al-Soufi.

Petitioner is a dual citizen of Syria and the United States.  He has an M.B.A. degree in financial management and has lived in this country for 35 years.  In January 2009 petitioner, or other members of his extended family, purchased a residence in Syria (Property).  The Property was on a hill overlooking a beach in Lattakia, Syria, and was intended for use as a summer home.  HARN Mortgage in Lattakia allegedly issued a mortgage loan secured by the Property.  HARN Mortgage was allegedly a privately owned limited partnership that provided mortgages to qualified individuals.

Petitioner testified that he was the obligor on the mortgage note but that his sister, who lived in Syria, made the mortgage payments on his behalf.  He testified

---

[1]All statutory references are to the Internal Revenue Code as in effect for the tax year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.  We generally round dollar amounts to the nearest dollar.

**[*3]** that the payments made during 2010, originally tendered to HARN Mortgage in Syrian pounds, equaled $73,619 at the relevant exchange rate. He testified that the funds his sister used to make these payments consisted of gifts to petitioner from members of his extended family in Syria, and that his sister was acting for him under a power of attorney when she made these payments on his behalf.

Petitioner did not provide the IRS or the Court with a certificate of title to the Property, a copy of the mortgage note, or a loan amortization schedule. In 2011 civil war broke out in Syria. Petitioner testified that the Property was damaged or destroyed during this conflict and that all documents relating to the purchase and ownership of the Property were destroyed as well. For this reason, the Court has found it difficult to determine with any degree of certainty who owns the Property, the amount of the mortgage loan, who is liable on the mortgage note, what rate of interest the note bore, how much interest was paid during 2010, and who should be regarded as having paid whatever interest was paid.

Petitioner testified that, before the civil war, documents existed in Syria to establish his ownership of the Property and his liability on the mortgage note. He testified that he visited the Property once during 2009 and once during the first half of 2010; he offered no testimony concerning the length of these visits. Although he could have made copies of the critical documents during these visits, he

**[*4]** neglected to do so because he thought it unnecessary. He also neglected to ask his Syrian relatives to make copies of the these documents for him before the documents were destroyed.

HARN Mortgage did not issue petitioner any contemporaneous document stating the amount of mortgage interest paid during 2010. When preparing petitioners' 2010 joint Federal income tax return, petitioner created an amortization schedule (which he testified was similar to the schedule attached to the mortgage note), converted the Syrian pound to the U.S. dollar, and determined that he paid $73,619 in interest according to that schedule. Petitioners claimed a deduction in that amount for home mortgage interest on their timely filed 2010 return.

Petitioner testified that HARN Mortgage was no longer in business at the time of trial. However, he offered into evidence what purported to be a May 3, 2013, letter from Mazen El-Ahamad, an official of HARN Mortgage, certifying that "HARN Mortgage has received on behalf of Mr. Saad Al-Soufi a total of $73,619.19 in mortgage payments for the calendar year 2010." This letter was dated more than two months after the IRS, on February 19, 2013, issued petitioners a notice of deficiency disallowing their 2010 mortgage interest deduction. Petitioners timely sought review in this Court.

**[*5]**                                    OPINION

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Petitioners do not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact. Respondent bears the burden of production, but petitioners bear the burden of proof, with respect to the accuracy-related penalty under section 6662. <u>See</u> sec. 7491(c).

I.      <u>Mortgage Interest Deduction</u>

Section 163(a) generally allows a deduction for interest. Section 163(h)(1) provides that, "[i]n the case of a taxpayer other than a corporation, no deduction shall be allowed * * * for personal interest paid or accrued during the taxable year." Nondeductible "personal interest" is defined to exclude several categories of interest, including "any qualified residence interest." Sec. 163(h)(2)(D), (3).

Petitioners have not proven that they met the requirements for deducting "qualified residence interest" for 2010. First, petitioner did not establish that a mortgage note existed or that he was liable on the mortgage note. In order to deduct interest, a taxpayer must generally be personally liable to pay the debt. <u>See</u> <u>Brown v. Commissioner</u>, 1 T.C. 225, 227 (1942). Petitioner provided no evidence

**[\*6]** that he was an obligor on the mortgage note or otherwise personally liable for its repayment.

Second, petitioners have not shown that they were the legal or equitable owners of the Property.  See sec. 1.163-1(b), Income Tax Regs. ("Interest paid by the taxpayer on a mortgage upon real estate of which he is the legal or equitable owner, even though the taxpayer is not directly liable upon the bond or note secured by such mortgage, may be deducted as interest on his indebtedness.").  Petitioners did not produce a certificate of title or any other documentary evidence that they owned the Property.  It appears that petitioner's relatives in Syria lived near the Property and made very substantial monetary contributions toward it.  Under these circumstances, petitioners have not established that they were the Property's legal or equitable owners.

Third, petitioner did not establish that interest was actually paid on a mortgage note or that any interest paid should be treated as having been paid by him. He determined the interest deduction using a self-created amortization schedule. This does not constitute credible evidence as to the amount of interest actually paid.  And he provided no documentary support for his contention that relatives in Syria made gifts in excess of $70,000 to enable him to defray the interest expense.

**[\*7]**  Finally, even if petitioner could establish that he paid mortgage interest, he has not shown that the Property was a "qualified residence."  A home is a "qualified residence" only if it is the taxpayer's "principal residence" or a secondary residence that he occupies for more than 14 days during the year.  See secs. 163(h)(4)(A)(i), 280A(d)(1)(A).  Although petitioner testified that he visited the Property once during the first half of 2010, he did not demonstrate that petitioners used it as a dwelling unit for personal purposes for more than 14 days that year.  There is also no evidence whether petitioner rented out the property during 2010, and thus petitioners cannot take advantage of section 163(h)(4)(A)(iii) ("[N]otwithstanding section 280A(d)(1), if the taxpayer does not rent a dwelling unit at any time during a taxable year, such unit may be treated as a residence for such taxable year.").

Petitioner argues that he was unable to obtain verification of the relevant facts because of the civil war in Syria.  While we sympathize with his position, it was his own fault that he did not have copies of these documents in the United States.  He has lived here for 35 years and understands his tax responsibilities.  He visited the Property twice and admitted that he could have obtained copies of the relevant documents during those visits.  If one buys an expensive residence in a foreign country, ordinary business care and prudence dictates the advisability of

[*8] keeping ownership documents in one's possession. Even where a taxpayer has lost records through no fault of his own, he is not relieved from the burden of substantiation. See Malinowski v. Commissioner, 71 T.C. 1120, 1124-1125 (1979); Friedman v. Commissioner, T.C. Memo. 1992-588, 64 T.C.M. (CCH) 975, 977-978, aff'd without published opinion, 48 F.3d 535 (11th Cir. 1995).

Petitioners rely on the May 3, 2013, letter from HARN Mortgage to document the amount of mortgage interest they allegedly paid. Respondent at trial objected on hearsay grounds to the admission of this document, and we reserved ruling on that objection. We now conclude that respondent's objection must be sustained.

Proceedings in the Tax Court are conducted in accordance with the Federal Rules of Evidence. See sec. 7453; Rule 143. Rule 801(c) of the Federal Rules of Evidence defines "hearsay" as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Rule 802 of the Federal Rules of Evidence provides that hearsay is inadmissible unless an exception applies.

The only possible exception that could apply here is the exception for "business records," and petitioners have not met its requirements. They did not

**[*9]** provide a certification from HARN Mortgage, which apparently is now out of business. See Fed. R. Evid. 803(6). The letter does not appear to have been prepared in the ordinary course of HARN Mortgage's business but rather was prepared at the specific request of petitioner's sister.

Moreover, the letter does not bear the indicia of trustworthiness. The timing of the letter is suspect: petitioner did not procure it before preparing his 2010 tax return, or during the IRS examination of that return, but two months after he received the notice of deficiency. Although the payments were supposedly tendered to HARN Mortgage in Syrian pounds, the letter states those payments in U.S. dollars. And it states those payments in the exact amount, $73,619.19, that petitioner computed using his self-created amortization schedule. Indeed, petitioner acknowledged that he supplied this number to his sister and that she supplied it to HARN Mortgage. Under these circumstances, we have no alternative but to exclude this letter from evidence. See Fed. R. Evid. 803(6)(E) ("business record" exception to hearsay does not apply if it is shown that "the source of information" or "the method or circumstances of preparation indicate a lack of trustworthiness"); id. 807 (residual exception to hearsay applies only when a "statement has equivalent circumstantial guarantees of trustworthiness").

**[\*10]** In sum, petitioners have produced no credible evidence that they owned the Property during 2010, that it was a "qualified residence" during that year, that interest was paid on a mortgage loan secured by the Property, or that they paid any interest that was paid. The Court is not obligated to accept petitioner's unsubstantiated testimony in the absence of documentary evidence. See Jacoby v. Commissioner, T.C. Memo. 1994-612. We accordingly sustain the disallowance of the claimed mortgage interest deduction for lack of substantiation.[2]

II.     Penalty

Section 6662 imposes a 20% accuracy-related penalty upon the portion of any underpayment of tax that is attributable (among other things) to negligence or disregard of rules or regulations. "Negligence" is defined as "any failure to make a reasonable attempt to comply" with the provisions of the Code, and "disregard" means any "careless, reckless, or intentional disregard." Sec. 6662(c). The Commissioner bears the burden of production with respect to a section 6662 penalty.

---

[2]Because the mortgage interest deduction was properly disallowed for lack of substantiation, we need not address questions that might arise concerning the general prohibition against the payment of interest under Sharia law, the extent to which this prohibition is operative in Syria (petitioner's testimony was opaque on this point), or the relevance of these considerations to the proper Federal tax treatment. See In re Terrorist Attacks on September 11, 2001, 689 F. Supp. 2d 552, 557 (S.D.N.Y. 2010) ("[T]he body of Islamic law known as Sharia * * * prohibits the payment or earning of interest[.]").

[*11] Sec. 7491(c). Once the Commissioner satisfies his burden, the burden shifts to the taxpayer to prove that the penalty does not apply. Higbee v. Commissioner, 116 T.C. 438, 447 (2001). Respondent met his burden of production here by showing that petitioners failed to maintain adequate records to substantiate their reported mortgage interest payment. The burden of proof thus shifts to petitioners.

The section 6662 penalty does not apply to any portion of an underpayment "if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to * * * [it]." Sec. 6664(c)(1). The decision whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioners had no credible evidence to support their claimed mortgage interest deduction. Petitioner has an M.B.A. in financial management and testified that he understood his tax filing requirements. But he failed to maintain in the United States any of the documents necessary to substantiate his claim to a deduction in excess of $70,000. He traveled to Syria twice but failed to make copies of the documents before they were allegedly destroyed. Even if the documents existed and were admitted into evidence, it is by no means clear that petitioners would be entitled to the deduction they claimed. See Xuncax v. Commissioner,

**[\*12]** T.C. Memo. 2001-226, 82 T.C.M. (CCH) 455, 461 ("An absence of records, due to loss or destruction, cannot standing alone establish that petitioners' deductions were founded on reasonable cause and good faith when made."). We find that petitioners were negligent in preparing their 2010 return and that no portion of their 2010 underpayment met the "reasonable cause" exception. We will accordingly sustain the imposition of the accuracy-related penalty.

To reflect the foregoing,

Decision will be entered for

respondent.